CASE 21—PETITION EQUITY—JUNE 22.

# Marsh vs. Alford and wife.

APPEAL FROM LINCOLN CIRCUIT COURT.

1.  *The homestead exemption act*, which took effect June 1, 1866, does not apply to, or embrace, a note executed after that date in payment of an account for articles purchased and delivered before that date.

2.  *The mechanics' lien law applies* to liabilities incurred by a married woman and her husband, for lumber furnished them to make repairs on her house, which were necessary for its comfortable use—the wife having joined with her husband in the note executed for the lumber. Although the note was given after the lumber was obtained, the execution of the note brought the transaction within the provisions of section 1, article 2, chapter 47, Revised Statutes, as for necessaries. *Claim and lien enforced.*

H. T. HARRIS,                                          For Appellant,

CITED—

17 *B. Mon.*, 555; *Burgen vs. Forsythe.*

2 *Met.*, 508 *and* 521.

2 *Met.*, 253; *Pell vs. Cole.*

3 *Met.*, 334, 335; *Marshall vs. Miller.*

15 *B. Mon.*, 234; *McMillen vs. L. R. R. Co.*

16 *B. Mon.*, 439; *Civil Code, secs.* 153, 161, *and notes.*

Marsh vs. Alford and wife.

*MS. Opn., Botts & Barbour vs. Moss's adm'r, Myers'*
*note, sec.* 161.
1 *Handy,* 434; *Evans vs. Hall.*

R. C. WARREN,                           ·For Appellees,

CITED—

*Civil Code, sec.* 161.
*Homestead Act, Myers' Sup., pp.* 714, 715.
·18 *B. Mon.,* 306; *Daniel vs. Robinson.*
2 *Met.,* 252; *Pell vs. Cole.*

JUDGE HARDIN DELIVERED THE OPINION OF THE COURT:

The appellant, who was the plaintiff in this action,
exhibited with his petition a promissory note, executed
by the appellees, J. P. Alford and Martha C. Alford, his
wife, for ninety dollars and forty cents, dated the 6th
day of November, 1866, and payable one day thereafter,
to S. F. Ames, who assigned it to the plaintiff, and sought
to recover a judgment, subjecting to his claim a house
and lot of Mrs. Alford's, on the alleged ground that the
consideration of the note was lumber sold and furnished
to the defendants by Ames, to be used in building said
house; and that the same, which was so used, was neces-
sary for the use of Mrs. Alford and her family.

The defendants, by their answer, admitted the execu-·
tion of the note, and that it was given to Ames for
lumber; but denied that the lumber was used in build-
ing the house, or that it was necessary for the comfort
· of defendants' family, and alleged that the lumber was
used by them in making repairs and additions to said
property. . They further alleged that the entire property
was of less value than one thousand dollars, and claimed
the protection of the act of February 10, 1866 (*Myers'*
*Sup.,* 714), the first section of which provides—

" That, in addition to the personal property now exempt from execution, on all debts or liabilities created or incurred after the first day of June, one thousand eight hundred and sixty-six, there shall be exempt from sale under execution, attachment, or judgment of any court, except to foreclose a mortgage given by the owner of a homestead, or for purchase money due therefor, so much land, including the dwelling-house and appurtenances owned by the debtor, as shall not exceed in value one thousand dollars."

The court having adjudged that the property was exempt from the plaintiff's claim, he has appealed to this court.

Although the note was executed after the first day of June, 1866, it sufficiently appears from the evidence that the lumber was furnished by Ames in the winter or spring before. The note, therefore, was merely an undertaking to pay a pre-existing debt, and its execution did not destroy the legal rights of the creditor which attached to it as an existing liability before the first of June, 1866. (*Lowry vs. Fisher, &c.*, 2 *Bush*, 72.) ; and, in our opinion, the debt was not subject to the exemption provided in the act of 1866.

But a further inquiry arises, whether the act of February 17, 1858, providing a lien in favor of mechanics and material men (the provisions of which were extended to Lincoln county by an act approved the 6th day of February, 1863, *Myers' Supplement*, 306), is applicable to this case.

The debt was created in Lincoln county, where the parties resided; but the fact is disclosed by the pleadings that Mrs. Alford was a *feme covert* when the lumber was furnished, as well as when the note was executed; and although it appears that the lumber was necessary

to the comfortable use of the property, the question is presented whether the plaintiff had any lien on the property which could be enforced as against Mrs. Alford. Conceding that her coverture would have protected her but for the execution of the note, it seems to us that, although the note was given after the lumber was obtained, its execution brought the transaction within the provisions of section 1, of article 2, of chapter 47, of the Revised Statutes, in which it is declared that the real estate of a married woman shall be liable for her debts, contracted or incurred "on account of necessaries for herself, or any member of her family, her husband included, as shall be evidenced by writing, signed by her and her husband."

And we are of the opinion, therefore, that the coverture of Mrs. Alford was not an available obstacle to the enforcement of the claim and lien under the statute.

Wherefore, the judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.