CHIEF JUSTICE ROBERTSON
delivered the opinion or the court.
The appellant, as holder of a judgment against the appellee, on a note for one hundred and eighty dollars, given since the first of June, 1866, in consideration of a note executed before that date for one hundred dollars, and of a debt of eighty dollars contracted since, filed a petition in equity for subjecting a tract of land claimed as exempt from execution by the provisions of the homestead act. The circuit court sustained a demurrer to the petition, and thereupon dismissed it.
The only possible objection to the sufficiency of the allegations is the incorporation into the last note of a debt contracted since the homestead act went into operation, which the appellee’s counsel assumes as equivalent to payment of the pre-existing debt of one hundred dollars, which therefore can not be privileged by the exception of such debts from the operation of the statute. But this position is not maintainable. The only reason of the exception is the fundamental prohibition of any legislative act impairing the obligation of contracts which would have been the effect of a retroactive exemption of property from liability to legal remedy for enforcing contracts. The note' for one hundred dollars, though merged in a more comprehensive obligation, is nevertheless still, as at first, a debt undischarged; and to exempt from execution on the aggregate judgment so much of the augmented debt, property subject to the creditor’s remedy when the first contract to pay it was made, would be as unconstitutional as *245 if tbe note for it had never been absorbed by a novation, which did not operate as payment, but only as a renewal of the obligation to pay. And this principle has been more than once recognized and applied to the homestead act by the judgment of this court.
Wherefore the judgment is reversed, and the cause remanded for further proceedings consistent with this opinion.