ANDREW KINSER, ET AL. *v.* A. J. ROBERTSON, ET AL.

**Mortgage—Husband and Wife.**

A voluntary conveyance to the wife will not defeat a creditor who took a mortgage from the husband after such conveyance to secure a debt created before the conveyance was made.

APPEAL FROM METCALFE CIRCUIT COURT.

March 3, 1876.

Opinion by Judge Cofer:

The mortgage to the appellant is valid as to A. J. Robertson, and the conveyance to his wife being voluntary and subsequent in date to the creation of the indebtedness to Mrs. Kinser, is void as to her, and the debt having been created before the passage of the homestead law we perceive no valid reason why the mortgage may not be enforced.

The liability was created in 1863 or 1864. The execution of the note and mortgage did not extinguish the old liability, but merely furnish evidence in a different form of the existence of the debt. *Lowry v. Fisher, et al.,* 2 Bush 70; Kibbey v. Jones, 7 Bush 243.

The court, therefore, erred in dismissing the petition as to Mrs. Robertson, and the judgment is *reversed* and the cause is remanded with directions to render judgment directing a sale of so much of the land embraced in the deed from W. W. Robertson to Mrs. M. F. Robertson as will satisfy the debt sued for and the interest thereon and the cost of the suit.

*Garnett & Dehoney, for appellants.*