Stratton v. McMakin.

[This opinion was not marked for publication when delivered. It is now published by direction of the court.]

CASE 82—PETITION EQUITY—DECEMBER 22, 1879.

## Stratton v. McMakin.

APPEAL FROM NELSON CIRCUIT COURT.

ACCEPTANCE OF FORGED NOTE AS RENEWAL.—Where a creditor holding a note ·in which there are two obligors accepts as a renewal thereof a note purporting to be signed by both obligors, but which is in fact a forgery as to one of them, he, having accepted the renewal note in ignorance of the fact that it was a forgery as to one of the obligors, may sue and recover upon the original note, there being no consideration for its surrender.

JOHN S. KELLEY FOR APPELLANT.

The appellee is not released from liability on the note sued on, as its surrender was without consideration, the two notes accepted in lieu thereof being forgeries. (Williamson v. Martin, 2 Duv., 493.)

E. E. McKAY FOR APPELLEE.

The judgment in the former action in which appellee pleaded *non est factum* is a bar to the recovery sought in this action. The appellant had an opportunity in that action, after appellee's plea was entered, to amend his petition and set up the note sued on, and failing to do so then, it is now too late.

JUDGE COFER DELIVERED THE OPINION OF THE COURT.

The appellant alleged, in substance, that on the first of January, 1873, the appellee, McMakin, and one S. D. Hinkle, executed to him a note wherein they promised to pay him the sum of sixteen hundred dollars; that in January, 1878, Hinkle delivered to him two notes for thirteen hundred dollars each, purporting to be signed by himself and McMakin; that said notes were delivered as renewals of the note for sixteen hundred dollars, and the accrued interest thereon, and for

other indebtedness of Hinkle to him; that Hinkle represented that the signatures of McMakin to said notes were genuine, and confiding in his statements, he accepted the notes and surrenderd the old note to Hinkle. That he sued McMakin on the notes, and on his plea of *non est factum* there was a verdict and judgment in his favor. He alleged that Hinkle had been adjudged a bankrupt, and hence was not sued. He prayed for judgment on the note for sixteen hundred dollars. McMakin demurred to the petition; his demurrer was sustained and the action dismissed. The verdict and judgment in the suit on the notes accepted in renewal conclusively establish the invalidity of those notes as to McMakin, and the allegations of the petition show that appellant accepted them in ignorance of the fact. He has, then, without fault on his part, and, without any consideration whatever for so doing, surrendered the note on which McMakin was confessedly bound, and if the judgment of the court below be permitted to stand, McMakin has been released, and the appellant has lost his debt, without fault on his part, simply because he confided in the false statements of Hinkle, and that, too, without his having done any act, as far as appears, by which McMakin has been in anywise injured. If such be the law, all must admit that in this case at least the law is extremely harsh. That the law is otherwise is well established by authority, though never expressly decided by this court.

It has been held in many cases that if a new security be given for a subsisting debt, and that security be void for any reason, it does not satisfy or discharge the pre-existing debt or liability. (Robinson v. Bland, 2 Bur-

rows, 1077 ; Gray v. Fowler, 1 H. Blackstone, 462 ;
Johnson v. Johnson, 11 Mass., 359 ; Ramsdell v. Soule,
12 Pick., 126, opinion by Shaw, C. J. ; Markle v. Hat-
field, 2 Johnson, 459, opinion by Kent, C. J.) Many
ther cases to the same effect might be cited, but these,
in the absence of any modern case holding a contrary
doctrine, are sufficient.

But these cases are not exactly analogous to the case
at bar. . In those cases the new security was absolutely
and wholly void. In this case the new notes were valid
as to Hinkle, and the question arises whether that will
take the case out of the rule just stated. We think it
will not, and without entering upon an extended dis-
cussion, we may rest this question also upon abundant
authority. Ritter v. Singmaster, 73 Penn. St., 400, is
exactly in point. In that case James Singmaster and
others, who were private bankers, purchased of Buck-
halter a promissory note, of which Buckhalter was
maker and Ritter and Peck were indorsers. This note
bore date April 8, 1870. July 8 that note was taken
up and another for the same amount made by Buck-
halter, and purporting to be indorsed by the same
persons as the first, was given in renewal, and this
was repeated once or twice at subsequent dates. It
turned out that while the indorsements of Ritter and
Peck on the first note were genuine, their names on the
renewals were forged. Singmaster sued on the first
note, and it was held that the renewals did not dis-
charge the indorsers from their liability on the first
note. In Bank of Commonwealth v. Letcher (3 J. J.
Mar., 195), this court held the same thing, in effect. In
that case it appears that the bank sued Wm. Wilson

and Joseph P. and Benjamin Letcher on a note for four hundred dollars, dated April 12, 1822. Wilson was not served with process, and the action abated as to him. The note had been renewed, and the Letchers pleaded the renewal as an accord and satisfaction. The bank demurred. The court gave judgment on the demurrer in favor of the defendants. The bank appealed. This court held the plea bad upon two grounds. First, that "one obligation given in satisfaction for another is no discharge, whether grounded on an accord or not." Second, that the plea was defective in not averring that the note relied on in the plea was duly executed by Wilson and the Letchers, and was obligatory upon them. That it did not appear from the plea that the note relied on possessed any obligation whatever. It may have been a forgery. It did appear from the plea that Wilson tendered the note mentioned to the bank, and consequently that he was bound upon it; but he did not plead, and the court was evidently only referring to the Letchers, when it said it did not appear from the plea that the note was obligatory. The case clearly shows that if it had appeared that the names of the Letchers on the renewal note were forged, the court would have held there was no satisfaction of the original note, independently of the first point of objection to the plea. That case was again in this court, and will be found reported in 1 Dana, 82 (Letcher v. Bank of Commonwealth), where it appears that the note was in fact three times renewed; the first renewal, that pleaded as an accord and satisfaction, being signed by the Letchers, and the second being as to them a forgery, and the bank was defeated, because the court

held that the discounting of the second note, owing to the bank's manner of doing business, was a payment of the first note.

Tested by the authorities cited, the petition is sufficient to entitle the appellant to maintain his action, and the judgment is reversed, and the cause is remanded with directions to overrule the demurrer.

84 645
0113 514

[This opinion was ordered to be reported when delivered, but the fact was overlooked at the time, and it has never been reported.]