CASE 91—PETITION ORDINARY—OCTOBER 13.

# First National Bank of Covington v. Gaines, &c.

### APPEAL FROM BOONE CIRCUIT COURT.

1. SURETIES.—The statute which provides that no person shall be bound as the surety of another by the act of an agent unless the authority of the agent is in writing, signed by the principal, applies as well to private as to official obligations.

2. SAME.—Although a promissory note reads: "We jointly and severally promise to pay," etc., an obligor may, in an action on the note, show that he was only a surety, without showing that the obligee had knowledge of the fact at the time the obligation was executed. Such evidence does not contradict the writing.

3. RENEWAL NOTE INVALID AS TO SOME OF OBLIGORS.—When a creditor, who holds a note on two or more obligors, accepts what purports to be a renewal note signed by all the obligors, and it turns out that the renewal note is invalid as to some of them, their obligation on the original note revives, and the obligee may sue them and recover judgment against them. But as the plaintiff in this case sued on the renewal notes, and in the face of the plea by some of obligors that they were sureties, and that their names were signed without their written authority, insisted that their names were signed by their written authority, it can not, after being defeated upon this issue by the proof, have judgment upon the original notes, there being no prayer for such relief.

4. SAME—PLEADING AND PRACTICE.—The plaintiff in such a case is not without remedy upon the filing of a plea of *non est factum*. He may, by an amended petition, confess the truth of the plea and declare upon the original note; or he may aver that he knows nothing of the truth of the matters alleged, but ask that if they turn out to be in fact true he be allowed to have judgment on the original note.

J. F. & C. H. FISK FOR APPELLANT.

In case of the renewal of a note with several obligors, when one of the names to the renewal, without the knowledge of the payee, is a forgery, the payee may recover on the original note. (Stratton v. McMakin, 84 Ky., 641; Wait's Actions and Defenses, vol. 1, 572; vol. 6, 408.)

O'HARA & BRYAN FOR APPELLEES.

1. Where there is a successful plea of *non est factum* to a suit on a note,

the plaintiff can not recover on a genuine note of which the note sued on purports to be a renewal without declaring upon the original.

2. An agent can not bind his principal as surety for another unless his authority so to do is in writing. (Gen. St., 252; Ragan v. Chenault, '78 Ky., 545.)

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

The appellant's petition alleges, in substance, that Alonzo, Milton and W. W. Gaines, on the fifteenth day of May, 1877, executed to the appellant their joint and several promissory note for the sum of twenty thousand dollars, due and payable four months after said date; that said obligors, at the maturity of said note, paid a part of it and executed a new joint and several promissory note for the balance; that said obligors continued to make partial payments on said original debt and execute, from time to time, renewal notes for the unpaid balance of said debt until November 18, 1884, when said obligors executed to the appellant a joint and several renewal note for the sum of ten thousand dollars—the amount of the then unpaid balance of said debt—due and payable four months from said date.

The second paragraph of the appellant's petition sets up that, on the third day of March, 1877, the said obligors executed to the appellant another joint and several promissory note for the sum of ten thousand dollars, due and payable four months after date; and that said obligors, from time to time, made partial payments on said debt and executed renewal notes for the unpaid balance until the twentieth of October, 1884, at which time said obligors executed to the appellant a note for three thousand dollars, due and payable four months after said date, which sum rep-

resented the unpaid balance of said ten thousand dollar debt.

The two notes—one for ten thousand dollars, bearing date the eighteenth day of November, 1884, and one for three thousand dollars, bearing date the twentieth day of November, 1884—are made the foundation of the appellant's action, and upon which it seeks judgment.

The appellees, Milton Gaines and Joseph Gaines, the latter being the executor of W. W. Gaines, filed, as against said two notes, first, the general plea of *non est factum;* second, that said Milton and W. W. Gaines were, at most, sureties of Alonzo Gaines, and that he signed their names to said notes without any written authority from them so to do.

The appellant traversed these pleas, and, upon the issue thus joined, they went to a jury. The lower court, upon the conclusion of the appellant's evidence, gave the jury a peremptory instruction to find for the appellees.

The appellant having theretofore brought suit against Alonzo Gaines, who is now dead, and Milton Gaines, on said two notes, and the genuineness of Milton and W. W. Gaines' signatures thereto having been put in issue, Alonzo Gaines testified in said case in reference to said matter; his evidence, with a view to an appeal to this court, was reduced to writing. The appellant, upon the trial of this case, introduced that evidence, which was all the evidence of any importance that the appellant succeeded in getting before the jury, and upon the conclusion of which (the appellant having announced itself through) the lower

court instructed the jury to find for the appellees.
The substance of said evidence is that Milton and W.
W. Gaines signed the original notes—one for twenty
thousand, and the other for ten thousand, dollars—as
the sureties of him, Alonzo Gaines; that five or six
years prior to the time of his giving his evidence
Milton and W. W. Gaines ceased to sign the renewal
notes, but gave him, Alonzo Gaines, verbal authority
to sign their names as his sureties to said renewals,
which he did, including the two notes sued on.

Section 20, chapter 22, of the General Statutes, pro-
vides: "No person shall be bound as the surety of
another by the act of an agent unless the authority
of the agent is in writing, signed by the principal."
It is contended that this statute relates to the author-
ity of an agent to sign his principal's name to official,
and not private, obligations as surety. But this court,
in the case of Ragan v. Chenault, 78 Ky., 546, decided
that said statute has reference to the authority of an
agent to sign his principal's name to private obliga-
tions as surety, and that the agent's authority must
be in writing, and that the principal, whose name is
signed by an agent, under verbal authority, to an
obligation, is not bound thereby. Subsequently, this
court decided that said statute also applies to the
agent's authority to sign his principal's name to an
official obligation, and that said authority must be
in writing. So, according to the decisions of this
court, said statute applies to both private and official
obligations. The agent's authority in both cases must
be in writing. The appellant also contends that, as
the notes sued on read, "we jointly and severally

promise to pay," &c., the obligors, as between them and the obligee, are, *prima facie*, at least, principals, and that no one of the obligors can show by proof, *aliunde*, that he was only surety so as to affect the rights of the obligee, unless he can show that the obligee, at the time the obligation was entered into, was apprised that the obligor was only surety.

In the cases of Lewis v. Harbin, &c., 5 B. M., 564, and Emmons v. Overton, 18 B. M., 647, it was expressly decided by this court that, as between the obligors and the obligee, although the obligation read, "we jointly and severally promise," &c., any one of the obligors could show that he was only surety so as to be protected in his rights as surety, without alleging and proving the scienter on the part of the obligee. To show that one or more of the obligors are sureties, even though the obligation reads, "we jointly and severally promise," &c., does not contradict the writing, for the reason that they are in law, though some of them are only sureties, jointly and severally bound. Such language does not contradict the proposition that some of the obligors may be merely the sureties of the others. Indeed, it is safe to say that, in a large majority of cases, promissory notes, on which are principals and sureties, are drawn up, "we or either of us promise to pay," &c., or "we jointly and severally promise to pay," &c., which forms of expression are synonyms, and it has always been held, and it has not for years past, except in this case, been seriously questioned, that the surety in a contest between him and the obligee might show that he was only surety, without taking the scienter

home to the obligee; for the reason that such forms of expression in the obligation do not contradict the idea of his being merely surety, as it is a fact that he, whether as surety or principal, is jointly and severally bound. Such forms of expression, according to the adjudications of this State, do not fix the legal status of the obligors; and as they do not contradict the idea that some of the obligors may be merely sureties, it follows that the obligee must, at his own peril, look out for the fact. So, as the names of said obligors were signed by Alonzo Gaines to said notes without their written authority so to do, and as the appellant's proof of that fact was uncontradicted, it was not improper for the court to instruct the jury to find for the appellees, unless, as contended by the appellant, it was entitled to relief upon other grounds, which we will proceed to notice.

The appellant contends that as the two notes sued on were renewal notes, and, as to the appellees, were invalid, their obligation on the original notes was revived, and the appellant was entitled to judgment thereon for the unpaid balance.

It is the settled doctrine of this court that where a creditor holds a note on two or more obligors and accepts what purports to be a renewal note signed by all of the obligors, and it turns out that the names of some of them were forged, or that the renewal note is, as to some of them, invalid, their obligation on the original note revives, and the obligee may bring suit thereon and recover judgment against them.

Does the appellant's petition set up a cause of action on the original notes? We think not. We

think that the action was brought on the two renewed notes; and that the reference to the original notes, and the renewal of them from time to time, merely shows the consideration of the two notes sued on.

To the general plea of *non est factum* the appellant joined issue; to the special plea of *non est factum* the appellant joined issue, thereby affirming that Milton and W. W. Gaines did sign said notes, or authorized Alonzo Gaines, by writing, to sign their names to the same. The allegations and denials were distinctly made in reference to these two notes. The object of pleading—to make known to the court and adversary, by petition, in a clear and concise manner, the cause of complaint and the relief demanded, and the denial or confession and avoidance thereof by answer—was skillfully complied with by appellant and appellee. The issue thus formed was upon these two notes. The appellant could recover no judgment except within this issue. It must recover on the notes sued on or not at all. It follows, therefore, that as the original notes were not sued on, the appellant could not recover thereon. It affirmed, even in the face of the pleas, that the signatures of Milton and W. W. Gaines were genuine, or made by their written authority. As long as that affirmation was relied upon and insisted upon as the basis of a judgment, the appellant should have been bound by it, and not allowed, if defeated by the proof, to recover judgment upon another and distinct cause of action, not set out in the pleadings.

We do not mean to say that the appellant, upon the filing of said pleas, was without remedy. It had

one of three remedies, as follows: If it was true that
Milton and W. W. Gaines signed the original notes,
and were not released from the payment of the same
by lapse of time, it could have dismissed its peti-
tion without prejudice and have brought suit upon
the original notes; or it could, upon the filing of
said pleas, by amendment, have confessed their truth
and have declared upon the original notes, or the last
renewals that were genuine, and have asked judg-
ment thereon for the unpaid balance; or it could have,
by amendment, set forth alternately that it knew
nothing of the truth of the matters alleged; but if
they were in fact true, then, they asked judgment on
the original notes for the unpaid balance. But in-
stead of doing either of these things, the appellant
went to trial, affirming that said notes as to the ap-
pellees were genuine and collectible. It must abide
the issue thus formed. For these reasons, we think
the appellees were entitled to the instruction given
by the circuit court.

The views of the court, as above expressed, dispense
with the necessity of discussing the other questions
raised by the appellant.

The judgment of the lower court is affirmed.