CASE 23—ACTION ON A PROMISSORY NOTE.—JANUARY 7.

# Traders Deposit Bank v. Day, Etc.

APPEAL FROM MONTGOMERY CIRCUIT COURT.

BILLS AND NOTES—PLEADING—DEPARTURE.—In an action on a promissory note given in renewal of a prior note, it is not a departure to declare on the original note by amended petition after a plea of *non est factum* by a surety in the renewal note.

O'REAR & BIGSTAFF FOR APPELLANTS.

The debt remaining unpaid, a renewal note is mere evidence of an extension of the credit. Daniel on Negotiable Instruments, vol. 1, sec. 205; First National Bank of Covington v. Gaines, &c., 87 Ky., 597; Carter v. Bank of Columbia, 12 Ky. Law Rep., 968; Stratton v. McMakin, 84 Ky., 641.

B. F. DAY FOR APPELLEE GREENWADE.

The demurrer to the amended petition should have been sustained, first, because the former plea of *non est factum* to the renewal of the note was not withdrawn or explained; second, no date is alleged when the original note was executed or delivered or when due or what sums were paid thereon or that it remained unpaid; third, the amendment attempts to show the consideration and does no more than show the consideration of the note sued on. ·

Citations:  Civil Code, sec. 101; First National Bank of Covington v. Gaines, 87 Ky., 597.

JUDGE DuRELLE DELIVERED THE OPINION .OF THE COURT.

Appellant brought suit against appellees, Day, Greenwade, and Collinsworth, upon a note dated December 8, 1889, for $182, at 90 days.  Greenwade filed an answer, pleading *non est factum*.  Appellant filed an amended petition, to which a demurrer was sustained; and appellant declining to plead further, or to offer proof, its petition

was dismissed. The sufficiency of the amended petition is the sole question presented for decision by the briefs.

The point made in the trial court upon the demurrer appears to have been that the amendment was a departure from the original cause of action, that ground being set up in the demurrer. By the amendment, appellant averred that "the note sued on is a renewal of a debt owing the plaintiff, which was evidenced by the note of all the defendants, which they signed and delivered to plaintiff, by which they promised to pay plaintiff $250, upon which defendants have made payments sufficient to reduce it to the amount sued for; and the note sued upon, which is a renewal evidence of said debt, was accepted by plaintiff, not knowing that the signature of Thomas Greenwade to said note was not genuine. Upon said renewal, plaintiff delivered said original note to some one of the defendants, and therefore can not file it. Wherefore plaintiff prays judgment for the debt, interests, and costs named in the petition." This amendment is not a departure from the original petition, for it seeks a recovery upon the same indebtedness upon which recovery was sought in the original petition, but relies, not upon the note set up in the petition, but upon the prior indebtedness, in renewal of which that note purported to be executed. It is somewhat analogous to a new assignment at common law. Such pleading, in cases where a plea of *non est factum* has been interposed to a renewal note, has been repeatedly sanctioned by this court; and while the amendment in question is inartistically drawn, and it may be subject to a motion to make more specific and definite, it appears to us sufficiently to confess the plea of *non est factum*, and to seek recovery upon the balance of the indebtedness to renew which the note set up in the petition was given.

In Stratton v. McMakin, 84 Ky., 641, [4 Am. St. R., 215], it was held, in an opinion by Judge Cofer, that the payee of the note, after being defeated in a suit upon the renewal note on a plea of *non est factum*, might bring another suit upon the original indebtedness. In the case of Bank v. Gaines, 87 Ky., 602 [9 S. W., 396],issue was joined upon the plea of *non est factum*, to a suit upon a renewal note, and no attempt made by the pleadings to rely upon the former indebtedness. It was there held that the plaintiff could not recover. Said Judge Bennett, delivering the opinion of the court: "We do not mean to say that the appellant, upon the filing of said pleas, was without remedy. It had one of three remedies, as follows: If it was true that Milton and W. W. Gaines signed the original notes, and were not released from the payment of the same by lapse of time, it could have dismissed its petition without prejudice, and have brought suit upon the original notes; or it could, upon the filing of said pleas, by amendment, have confessed their truth and have declared upon the original notes, or the last renewals that were genuine, and have asked judgment thereon for the unpaid balance; or it could have, by amendment, set forth alternately that it knew nothing of the truth of the matters alleged; but if they were in fact true, then, they asked judgment on the original notes for the unpaid balance." In Carter v. Bank of Columbia, 12 R., 969, [16 S. W., 80], Judge Lewis, delivering the opinion of the court, quoted as follows from Bank v. Gaines, *supra*: "It is the settled doctrine of this court that where a creditor holds a note on two or more obligors, and accepts what purports to be a renewal note, signed by all of the obligors, and it turns out that the names of some of them were forged or that the renewal note is, as to some of them

invalid, their obligation on the original note revives, and the obligee may bring suit thereon, and recover judgment against them." These cases have been followed by the court in an opinion by Judge Guffy in Bowman v. Humphrey 18 R., 511, [37 S. W., 150], and in an opinion by Judge Paynter in Bank of Princeton v. Cash, 19 R., 1738, [44 S. W., 381]. For the reasons given, the judgment is reversed, with directions to set aside the judgment sustaining the demurrer, and dismissing appellant's petition, and to award appellant a new trial.