CASE 87—ACTION ON PROMISSORY NOTE—MAY 27.

# Bright, Etc. v. First National Bank, Etc.

APPEAL FROM GRAVES CIRCUIT COURT.

PRACTICE—AMENDED PETITION—CONSIDERING ALL PLEADINGS ON DEMURRER.—After a special plea of *non est factum* has been interposed to a renewal note by parties who deny having received any of the proceeds of the note and who aver that their names have been signed by the principal without written authority, the plaintiff may by an amended petition declare on the original note and to such amended petition a general plea of payment will not be good. On a demurrer to such plea the court will examine the entire pleadings and will infer that the defendant intended that the old note was paid by the renewal.

Bright, &c., v. First National Bank, &c.

ROBBINS & THOMAS FOR THE APPELLANTS.

1. A valid note pays a debt or note for which it is given. Letcher v. Bank, 1 Dana, 82; Castleman v. Holmes, 4 J. J. Mar., 3.
2. Suit can only be brought on last valid renewal note. Bank v. Gaines, 87 Ky., 597.

WEBB & COULTER FOR THE APPELLEE.

A party who sues on a renewal note to which the defendants plead *non est factum*, may by an amended petition set out the execution of the original note and recover upon it. Stratton v. McMakin, 84 Ky., 641; Bank v. Gaines, 87 Ky., 597; Bank v. Cash, &c., 44 S. W. R., 381.

JUDGE GUFFY DELIVERED THE OPINION OF THE COURT.

Appellee instituted this action in the Graves circuit court against W. J., V. E., C. A., and B. F. Bright to recover judgment upon a note for $574.20 of date March 28, 1896, due in four months, credited by $30 paid July 31, 1896.

The defendants, V. E., C. A., and B. F. Bright, by answer, denied that they ever signed or delivered the note sued on, or ever promised to pay $574.20, or any part thereof. In the second paragraph of the answer it is alleged, in substance, that the note sued on was given by defendant W. J. Bright for money which it loaned to him, and these defendants never received any part of the money loaned on said note, and their names were signed to said note as sureties by W. J. Bright for him, but the said W. J. Bright never had any authority in writing from either of them to sign the name of either of said defendants as surety on said note.

To this appellant replied, denying that the said answering defendants never received any part of the money loaned on the note, denies that their names were signed to said notes as sureties by W. J. Bright, or that he did not have written authority to sign their names. In the second paragraph of the reply it is alleged that the

note sued on is one of several renewals of a debt created
September 26, 1894, for $500, for which all of the defend-
ants executed, signed, and delivered to plaintiff their joint
note, which is herewith filed.   Plaintiff says that this orig-
inal note was signed by all these defendants in person,
and in their own handwriting, and, if their names were
signed to this last note as they allege, it was without
plaintiff's knowledge or consent, and is invalid, and they
are entitled to recover on said original obligation.

This reply was filed November 30, 1896, and on the 8th of
December, 1896, the appellant filed an amended petition,
over the objection of these defendants, upon which sum-
mons was issued and executed.   The substance of the
amended petition is that the appellee nor any of
its officers were present when the note sued on was sign-
ed, and it does not know whether it was signed by C. A.,
V. E., and B. F. Bright in person or not, but it avers that
it was signed both in person and in their own handwriting;
that the note was one of several renewals of a debt of date
September 26, 1894, for the sum of $500, for which defend-
ants executed to plaintiff their joint note for said sum,
due six months after date, and it says and charges that all
of the defendants signed said note in person, and same is
their handwriting; and that the note filed with plaintiff's
petition was a renewal of said debt, with accumulated in-
terest.   Plaintiff says that, if said renewal was signed as
claimed by defendants in their answer, it was without
plaintiff's knowledge or consent, and same is invalid, and
in that event they are entitled to recover on said original
obligation.   Said original note is herewith filed.   Where-
fore it prays to file this amended petition, and that they be
permitted to recover on said original note if defendants
did not sign said renewal, and prays for all proper relief.

The answer of the defendants to the amended petition reads as follows: "The defendants herein, by way of answer to the amended petition filed December 8, 1896, and rejoining to the reply filed November 30, 1896, say that the note for $500 declared on in the amended petition and in the reply, and filed with said reply, was paid March 26, 1895, to plaintiff, together with all interest thereon, and they deny that plaintiff is entitled to recover anything thereon. Wherefore they pray to be dismissed," etc.

To this answer the plaintiff filed a demurrer, and on motion of defendants plaintiff's general demurrer to the answer of defendants to the amended petition of plaintiff was asked to be carried back to said amended petition; and the court being advised, overruled said demurrer to the amended petition, to which the defendants excepted; and the court, being advised, sustained said demurrer to said answer, to which defendants excepted, and the defendants failing to plead further, judgment was rendered against all of them for the amount claimed in the amended petition. To which all the defendants, except W. J. Bright, excepted, and have appealed to this court.

It is the contention of the appellant that the court erred in sustaining the demurrer to the answer, and they insist that a plea of payment is always a good defense to a suit upon a note. As a general proposition of law it may be conceded that a demurrer can not be sustained to an answer pleading payment; but, taking the entire pleadings into consideration in this case, it is manifest that the plea of payment, in effect, presents the question whether the execution of a note or notes by the same parties subsequent to the execution of the note set up in the amended petition constituted a payment of such note, being merely a renewal of the obligation incurred by the execution of the

[45]

note mentioned in the amended petition; and, this being true, we think the demurrer was properly sustained, for the reason that a renewal by the principal in the note with the same parties as apparent sureties, though not legally bound as such, does not and can not operate as a payment of the original debt.

We can not concur in the contention of appellants that the amended petition was defective because it did not clearly admit that the note first sued on was invalid as to the appellants; but the amended petition is an alternative pleading, which is allowed by the Code of Practice. Nor do we think that the appellee was bound to sue upon the last valid renewal of the obligation named in the amended petition. We are unable to see how appellants could be prejudiced by the plaintiff relying upon the first obligation executed, if he was entitled to rely upon any obligation, except the note first sued on.

We think the proceedings taken by the appellee in this case and the judgment rendered are fully sustained by former decisions of this court. See Stratton v. McMakin, 84 Ky., 641 [4 Am. St. R., 215]; First National Bank of Covington v. Gaines, 87 Ky., 597 [9 S. W., 396]; 7 Bush, 243; 5 Bush, 392; 2 Bush, 72 [92 Am. Dec., 475].

Judgment affirmed, with damages.