# CHARLESTON

RITCHIE COUNTY BANK *v.* BEE *et als.*

Submitted June 13, 1907.     Decided October 29. 1907.

1. BILL AND NOTES—*Action on Renewal Note—Pleading—Amendment.*
    In an action upon a renewal note, unless accepted in absolute payment of the original by express agreement, the plaintiff may of right, upon the filing of a plea of *non est factum* by the defendant, accept such plea and so amend the pleadings as to set up the original note.  (p. 461.)

2. APPEAL—*Review.*
    If in such case the plaintiff does not elect to accept the plea and so amend his pleading but proceeds to trial, he will be regarded as having refused to amend when opportunity was offered; and this Court will not reverse the judgment below upon the issue joined on such plea, and remand the case for a new trial on amended pleadings to be filed.  (p. 462.)

3. JUDGMENT—*Res Judicata.*
    The verdict and judgment in such case will not preclude the plaintiff from recovery in any subsequent action by him on the note of which the one first sued on was given in renewal.  (p. 462.)

4. BILLS AND NOTES—*Unauthorized Signature—Ratification.*
    Mere silence by one whose name is purported to be signed to a note but who has in fact never signed the same, after receiving notice of protest thereof, will not amount to ratification.  (p. 462.)

5. SAME—*Plea—Non Est Factum—Evidence.*
    In order to entitle the plaintiff to recover on a note, upon an issue of *non est factum*, it is incumbent upon him to prove either that the defendant signed the note, or that his name was signed thereto by some person duly authorized, or that, having knowledge of the fact that his name was so signed and of all material facts, he subsequently ratified the same.  (p. 462.)

Error to Circuit Court, Ritchie County.

Action by the Ritchie County Bank against Rebecca J. Bee and another. Judgment for the named defendant, and plaintiff brings error.

*Reversed.*

FREER & ROBINSON, for plaintiff in error.

S. A. POWELL, DUTY & FIDLER, and HOMER ADAMS, for defendant in error.

MILLER, PRESIDENT:

The justice in whose court this suit originated summoned E. L. Bee and R. J. Bee, his wife, to answer the complaint of the Ritchie County Bank "in a civil action for the recovery of money due on note and protest fees, in which the plaintiff will demand judgment for $205.44, with interest and costs according to law." Besides the general denial of the plaintiff's action, R. J. Bee filed a verified plea "that she did not sign said note for $204, sued on by the said plaintiff in this action; that the name R. J. Bee signed to said note and purporting to be her signature is not her handwriting; and that the said name R. J. Bee signed to said note and purporting to be her signature was not written by her, nor by any person by her duly authorized or directed, nor with her knowledge or consent." There were no other pleadings. The justice gave judgment in favor of the plaintiff for $240.16, with interest and costs. R. J. Bee alone appealed to, and the case was tried *de novo* in the circuit court—without additional pleadings, oral or written, so far as the record shows. The verdict was for the defendant; and from the judgment thereon the bank brings error. Neither the summons nor the plea of defendant described the note. On the trial in the circuit court the following was the only note offered in evidence:

"Harrisville, W. Va., May 2, 1902. Four months after date, for value received, we promise to pay to the order of Fox & Meredith two hundred and four dollars, negotiable and payable at the Ritchie County Bank of Harrisville, West Virginia. E. L. Bee and R. J. Bee."

Counsel and witnesses on both sides referred to this note as the one sued on, but it was clearly shown that it had

been accepted as a second renewal of a note of September 1, 1901, for the same amount, without notice of any defect in the execution thereof. R. J. Bee admitted execution of the original note. The bank claims, and it is not controverted, that it purchased the original note before maturity without notice of any equities as between the original parties. It does not clearly appear what disposition was made by the bank of the original note. on its accepting the first or the last renewal. The bank contends it was entitled to verdict and judgment, supported either by the original or the renewal note. This presents a preliminary question involving the state of the pleadings and also the judgment refusing a new trial, which is the first error assigned.

Chapter 50, Code, is a code of practice prescribed for proceedings before justices. While no particular forms are required, section 50 prescribes what the pleadings shall be, and stricter adherence in practice to that section would save courts and litigants a great amount of trouble and expense. The pleadings prescribed are simple and easily understood, consisting of a complaint by the plaintiff and the answer of the defendant. They may be oral or in writing. If oral, the substance of them is required to be entered by the justice in his docket; if in writing, they are to be filed by him and reference made to them in his docket. The statute requires the complaint to state in a plain and direct manner the facts constituting the cause of action, and, if more than one cause of action be stated therein, that each shall be separately stated and numbered. The answer of the defendant may contain a denial of the complaint or some part thereof, or facts constituting a defense or counter claim. Each party may except to a pleading of his adversary when not sufficiently explicit to be understood, or if it contains no cause of action or defense. If the exception is well founded, the justice shall order the pleadings to be amended. If the party refuses to amend, the defective pleading shall be disregarded. Paragraph 8 of the same section provides that "in an action or defense founded upon an account, note or other writing for the payment of money it shall be sufficient for the party to deliver the account, note or other writing to the jus-

tice, and to state that there is due to him thereon from the adverse party a specific sum, which he claims to recover or set-off in the action." Section 51 provides that "when judgment is rendered the justice shall endorse upon such instrument the title to the suit and the amount allowed in the judgment to the plaintiff or defendant on account of the same, * * * and no suit or suits shall thereafter be instituted between the same parties, or those claiming under them, for the matter so adjudged and decided." The docket of the justice fails to show even that the action was founded upon a note, and does not show that any note was filed with the justice; nor does it appear in the record that any endorsement thereon of the title of the suit and the amount allowed in the judgment was made. With no certainty, therefore, can we treat the note as a pleading, it not being referred to in the docket or other paper filed. Paragraph 9 of section 50 says that "a variance between the proof on the trial and the allegations of a pleading shall be disregarded as immaterial, unless the justice shall be satisfied that the adverse party has been misled to his prejudice thereby." Paragraph 10 says that "the pleadings may be amended at any time before the trial, or during the trial, when by such amendment substantial justice will be promoted."

The liberality of construction heretofore given these provisions of the statute would seem to require that we treat the summons, the justice's docket and the note offered in evidence, and referred to as the one sued upon, as constituting the complaint of the plaintiff; and, as the parties went to trial upon this state of pleading, we must consider the case as presented. In *White* v. *Emblem*, 43 W. Va. 819, it was held not reversible error that there was no plea or issue in an action before a justice, either in the justice's court or on appeal, where there was a full trial as upon plea and issue. See also *O'Connor* v. *Dils*, 43 W. Va. 54; *Simpkins* v. *White*, *Id.* 125; *Weimer* v. *Rector*, *Id.* 735; *Meighen* v. *Williams*, 50 W. Va. 65; *Vandervort* v. *Fouse*, 30 W. Va. 326.

Treating the pleadings as sufficient, can we reverse the judgment of the court denying a new trial? Though there was some evidence that the renewal note was signed and

delivered to the payee by E. L. Bee in the presence of R. J. Bee, yet there was no evidence that she actually signed the paper or authorized it to be signed. There is evidence that she positively refused to sign the note, and never afterwards ratified the same; and she says that, subsequently and after the maturity of the note sued on, when in conversation with the bank officer, she supposed it was the original note to which reference was made. Upon this conflict of evidence, we can not say there was error in the judgment of the court refusing a new trial.

It is claimed that acceptance of a renewal note is not payment of the original without express agreement to that effect. The authorities so hold. See *Dunlap* v. *Shanklin*, 10 W. Va. 662; *Feamster* v. *Withrow*, 12 W. Va. 611; *Buntz* v. *Basnett*, 12 W. Va. 772; *Bank* v. *Good*, 21 W. Va. 455; *Hess* v. *Dille*, 23 W. Va. 90; *Bank* y. *Hanley*, 48 W. Va. 690. And if fraud has been practiced the giving of the renewal note would not be treated as payment of the original, even in case of express agreement. *Bank* v. *Good*, *supra*, and cases cited. As the defense in this case was that the defendant never executed the note sued on, as to her it could not be treated as in discharge of the original paper. Upon filing her plea, we think the plaintiff was entitled to accept the plea and amend the pleadings, setting up the original note. The cause of action would have been the same. But the plaintiff did not elect to amend; and, although perhaps there was sufficient evidence to support the suit upon the original note, yet as to that paper no issue was tendered to the defendant, and she has not had her day in court thereon.

In *Bank* v. *Day* (Ky.), 48 S. W. 983, it is held that the plaintiff in an action on a note may, by amended petition, confess a plea of *non est factum*, and set up an original note as renewal of which the note originally sued on was accepted in ignorance of the fact that it was a forgery. In *Stratton* v. *McMakin*, 84 Ky. 641, it was held that the payee of a note, after being defeated in a suit upon the renewal note on a plea of *non est factum*, might bring another suit upon the original indebtedness. In *Bank* v. *Gaines*, 87 Ky. 602, issue was joined upon the plea of

*non est factum* in an action upon a renewal note, and no attempt made by the pleadings to rely upon the former indebtedness; and it was held that the plaintiff could not recover; but the right to amend the complaint after a plea of *non est factum*, and set up the original note, was also affirmed. In *Bank* v. *Cash*, (Ky.) 44 S. W. 381, the plaintiff, after plea denying the execution of a renewal note, tendered an amended petition, but, instead of abandoning the original cause of. action and declaring upon the original note, affirmed the allegations of the petition. It did not confess the truth of the plea and declare upon the original liability, and the court refused to allow the amended petition to be filed, and this action of the court was affirmed, although the appellate court recognized the right of the plaintiff, by amended petition confessing the truth of the answer, to declare upon the original note. See also *Carter* v. *Bank*, (Ky.), 16 S. W. 79; *Bowman* v. *Humphrey*, 37 S. W. 150. In *Lithograph Co.* v. *Wagner*, (Mass.) 58 N. E. 1020, it is held proper to allow an amendment by adding a count on a judgment obtained in another state on the same account for which the action was brought, since the technical change of the claim to *res adjudicata* did not prevent its being the cause for which the action was intended to be brought. We think these decisions prescribe the proper rule of practice in such cases. All that the law requires is that the identity of the cause of action be preserved. *Kuhn* v. *Brownfield*, 34 W. Va. 254.

Seeing that the plaintiff could have accepted the defendant's plea and set up by amendment the original note, which it neglected to do, has this court the power to now, by reversing the judgment of the circuit court, afford it the right of election? In equity causes at least, where the pleadings or the evidence are so defective that the court is unable to decide the real question in controversy, it becomes the duty of the court, before proceeding to hear and finally pass upon it, to cause such defects to be removed; and if the inferior court fails to discharge this duty, the appellate court will, for that reason alone, reverse and remand the cause. In *Blue* v. *Campbell*, 57 W. Va. 34, 36, and *Lamb* v. *Laughlin*, 25 W. Va. 300,

it was ruled that where the court doubts the right of the plaintiff to relief on the case stated in the bill, and a good cause for relief appears by the proofs, this Court will reverse the decree and give the plaintiff leave to amend his bill. While doubting the right to relief as stated, all the judges agreed that the evidence tended strongly to show a state of facts which would have entitled the plaintiff to recover upon a different theory. The decree was therefore reversed and the cause remanded, with leave to amend the bill as indicated. In *Doonan* v. *Glynn*, 26 W. Va. 225, 228, the court below, upon bill, answer and replication, dismissed the bill. Upon appeal the court was of opinion that the plaintiff, having failed to prove the allegations of his bill so as to entitle him to the relief prayed, was not in a situation to demand a decree in his favor, but that, inasmuch as the proof showed he had a cause of action of a similar nature to that alleged in his bill and such as he might have made available by proper amendments, the lower court should not have dismissed his bill without giving him an opportunity to amend. In *Gilchrist* v. *Oil Co.*, 21 W. Va. 115, a suit in equity upon foreign attachment based upon a personal judgment rendered in New York, this Court reversed the decree of the lower court in favor of the plaintiff, holding that, by the construction placed by the New York courts upon the statute of that state, the court pronouncing a judgment there acquired no jurisdiction over or power to render judgment *in personam* against a foreign corporation, and that such judgment was void, and the decree of the circuit court was accordingly reversed; but, seeing that the judgment in New York was founded upon a certain bill of exchange, the cause was remanded with leave to the plaintiff to amend his bill, setting up the original cause of action. The jurisdiction in equity in that case was founded solely on attachment. Another case in which this rule was applied is *Van Winkle* v. *Blackford*, 33 W. Va. 573, 588, where although the plaintiff was given the option to amend and declined, and the bill was dismissed, yet, because the decree was regarded as erroneous in not overruling the demurrer on the merits and sustaining it for want of parties and so stating on the face of the decree,

it was reversed with leave to the plaintiff to amend his bill. In *Rigg* v. *Parsons*, 29 W. Va. 522, it was held that, if judgment be given for the defendant on demurrer to the declaration without leave to the plaintiff to amend, if the defect appears to be amendable, it will be reversed, but if the record shows leave was given to amend and the plaintiff declined to do so the judgment will be affirmed; and it is there said: "Neither can we order the circuit court to compel the plaintiff to amend. All that can be done by either this or the circuit court is to grant leave to amend, and, if the plaintiff refuses to amend, then the only order or judgment the Court can enter is one dismissing the action."

The true reason for the rule of practice so announced, justifying this Court in reversing a decree or judgment and, upon remanding the case, giving leave to correct the pleadings and proof, is, it seems to us, that, in order that justice may be done, opportunity should be given the parties to perfect a case which seems justified by the facts and without which no proper decree or judgment can be pronounced, and that the parties may not be concluded in the same or some subsequent suit, by the plea of former adjudication or the like, from proper redress or relief in the premises. The rule does not seem to us to be intended for a case like the one at bar, where, upon the tender of a plea of *non est factum*, the plaintiff had the election to accept the plea as true and to amend and rely upon the original cause of action and did not do so. The correct rule we think is stated in the Kentucky case of *Bank* v. *Cash*, *supra:* that the plaintiff is not entitled to judgment and must be regarded as having elected to stand on the case as made by the pleadings and as having refused to amend when opportunity was offered. This conclusion would preclude reversal on the first ground relied upon.

The giving and refusing of instructions are also assigned as error. The plaintiff requested fourteen instructions, of which the third, fourth, fifth, sixth, seventh, ninth, tenth and fourteenth were refused, and we think rightly. The third is based upon the erroneous proposition that, because the defendant upon receiving notice of protest of the note sued on remained silent with respect to her claim

her silence amounted in law to a ratification; the fourth proceeded upon erroneous theory that the husband was the agent of the defendant wife, and that, upon the same theory as the third, as after receiving notice of the existence of the note she did not disavow it within a reasonable time, she became bound by the law of ratification; the fifth has no application, even if it correctly propounds the law. The other instructions of plaintiff refused are some of them doubtful law, and are certainly inapplicable. It would serve no good purpose to discuss them at length, and we see no error in the action of the court thereon. Besides, the other instructions given for the plaintiff fully covered the facts proven and its theory of the case. The giving of instructions one and two for the defendant is also assigned as error. The first we think correctly propounded the law upon her theory of the case; namely, that, (in order to recover, it was incumbent upon the plaintiff to prove either that the defendant signed the note, that her name was signed thereto by some person duly authorized, or that, having knowledge of the fact that her name was so signed and of all material facts, she subsequently ratified the same. The second instruction propounded a familiar rule of law; that, in order to recover on the ground of subsequent ratification, the plaintiff must prove that, after being possessed of all material facts and circumstances surrounding the execution of the note, the defendant ratified the same as her act. We see no error in these instructions. *Thompson* v. *Mfg. Co.*, 60 W. Va. 42.

We therefore affirm the judgment of the circuit court, but without prejudice to the plaintiff in a new action upon the original note.

*Affirmed.*