## Ramsey v. Utica Deposit Bank.

(Decided December 4, 1913).

### Appeal from Daviess Circuit Court.

1. Bills and Notes—Pleading.—In an action upon a negotiable instrument, where the defendant interposes a plea of non est factum and alteration of the instrument, the plaintiff has the right to amend and seek a recovery upon the indebtedness relying not upon the note, but upon the original consideration in evidence or renewal of which the note sued on was given; and plaintiff has the further right to decline to rest its right of recovery upon the integrity of the note sued on in its alleged altered condition, and to seek recovery thereupon according to its original tenor. These are not departures, nor inconsistent pleas.

2. Bills and Notes—Recovery on Original Consideration.—A recovery may be had upon the original consideration of a note, notwithstanding the fact that a note given therefor or in renewal thereof, is invalid by reason of alteration, against some of the parties thereto.

SWEENEY, ELLIS & SWEENEY for appellant.

C. M. FINN for appellee.

OPINION OF THE COURT BY JUDGE HANNAH—Affirming.

This action was instituted in the Daviess Circuit Court by the Utica Deposit Bank against the Ramsey-O'Kain Company, a corporation, and J. B. Ramsey, appellant herein, upon a note, which is in words and figures as follows:

"$1,000.        Utica, Kentucky, Feb. 13, 1911.

"Ten days after date we promise to pay to the order of Utica Deposit Bank One Thousand Dollars. Negotiable and payable at Utica Deposit Bank, Utica, Kentucky, value received; with interest at the rate of —— per centum per annum after maturity until paid. Endorsers waive demand, protest, notice of protest and all legal diligence to enforce collection.

"No. 4675.        Ramsey-O'Kain Co.,
                            "By W. A. Sherrill, Sec'y.
                            "J. B. Ramsey."

Defendant, J. B. Ramsey, filed an answer resisting payment of said note, seeking to avoid liability on the plea that said note had been materially altered after he signed it without his knowledge, authority or consent. The alteration charged was that the word "by" was written before Sherrill's name, and the abbreviation "Secy." after his name, subsequent to the signing of same by defendant, Ramsey.

Upon the filing of this answer, plaintiff bank, being neither willing to confess the truth thereof, nor to rest its right of recovery upon the integrity of the note, filed an amended petition and, later, a second amended petition, pleading in substance that if it should turn out that the alteration charged by said defendant had in fact been made, then as a holder in due course it was entitled to recover of said defendant, upon the note in question, according to its original tenor before the said alteration was made; and, further declaring upon the original consideration as an evidence of which the note in suit was signed by the defendant, Ramsey, charging that said defendant was so indebted to it by virtue of certain facts, which are alleged in substance as follows:

W. A. Sherrill, former cashier of plaintiff bank, and defendant, J. B. Ramsey, were large stockholders and officers of Ramsey-O'Kain Company, a corporation. They borrowed for the benefit of said corporation, $1,000 from the United States National Bank of Owensboro, but executed to that bank their individual note therefor. When this note became due, payment was demanded by said bank, and said Sherrill took from the plaintiff bank, of which he was then cashier, $1,000 and paid off said note to the United States National Bank, without authority so to do, and without the knowledge or consent of the officers and directors of plaintiff bank. In this manner $1,000 of plaintiff bank's money went to pay defendant

Ramsey's obligation to the United States National Bank. This money never having been refunded to plaintiff bank; on February 13, 1911, defendant J. B. Ramsey, either with his co-defendant, Ramsey-O'Kain Company, or with his co-defendant said Ramsey-O'Kain Company and W. A. Sherrill, signed the note sued upon and delivered same to said Sherrill as evidence of said indebtedness, originating in the payment by said Sherrill of defendant Ramsey's and said Sherrill's obligation to the said United States National Bank, with funds belonging to plaintiff bank. The petition as amended alleged that at the time he signed the note sued on, defendant Ramsey well knew the facts above stated, and then and there ratified and approved the action of said Sherrill in said respect, and signed the said note for the purpose of having said Sherrill deliver it to plaintiff bank as evidence of the indebtedness arising from the aforesaid use of its funds, and for the purpose of assuming same.

Upon the trial of the action, the jury returned a verdict for the plaintiff; and from the judgment entered thereon, this appeal is prosecuted.

Appellant first complains that the court erred in overruling his demurrer to the petition as amended; insisting that the amended petitions constituted departures from the original cause of action. This position is not well taken. When the plea of alteration was interposed by defendant, plaintiff had the right to amend, and seek a recovery upon the same indebtedness for which recovery was sought in the original petition, relying not upon the note, but upon the original consideration, or prior indebtedness, in renewal of which the note was given. And, it had the further right to decline to rest its right of recovery upon the note in its alleged altered condition, and to seek recovery thereupon according to its original tenor. These are not departures, nor inconsistent pleas. First National Bank of Covington v. Gaines, 87 Ky., 597; Traders Deposit Bank v. Day, 105 Ky., 219; Bright v. First National Bank, 106 Ky., 702; Kentucky Statutes 3720b, sub-section 124 (Negotiable Instruments Law).

Appellant's second complaint is of the instructions. The jury found for plaintiff under instruction No. 3, which was as follows:

"If you believe from the evidence that before February 13, 1911, defendant J. B. Ramsey, and W. A. Sherrill were indebted to the United States National Bank

for borrowed money evidenced by their note for $1,000; and that W. A. Sherrill, then being cashier of plaintiff bank, without the knowledge of its board of directors or its officers superior in authority to said Sherrill, took $1,003.11 of the money of plaintiff bank and paid said indebtedness to the United States National Bank; and you further believe from the evidence that on February 13, 1911, there remained due and unpaid to plaintiff bank $1,000 of said fund so used as aforesaid, if it was so used, to pay off said indebtedness to the United States National Bank, and that J. B. Ramsey, then knowing said fund of plaintiff bank had been so used, recognized his liability therefor to plaintiff bank, and accepted, received and retained the benefits thereof, and signed the note in suit therefor then you will find for plaintiff in the sum of $1,000 with interest at six per cent from Feb. 23, 1911.''

Appellant contends that this instruction should not have been given, insisting that there was no evidence authorizing it. But, appellant admits that he signed the original note to the United States National Bank. He swears that this money was borrowed for Sherrill, and that he endorsed the note solely for Sherrill. Sherill, however, swears that they borrowed it for the Ramsey-O'Kain Company, of which corporation appellant was president and treasurer, and that he sent appellant a check for $800 as treasurer of said company. Appellant, when asked if he knew what became of this said note said he does not know how it was paid. He admits, however, that Sherrill sent him a check. Sherrill swears that he took the money from appellee bank and paid the note; and that he endorsed and delivered to appellee bank a note executed to him by the Ramsey-O'Kain Company on which appellant was surety, to cover this amount that he so took from appellee bank; and that the note sued on was executed to take the place of that note. Appellant denies that he executed this note to Sherrill, but admits that he signed the note sued on, and the only explanation he offers as to what it was executed for is that Sherrill came to him and said he ''had to have a little money to pay expenses of the company. He was secretary of the company and running it.'' He also swears that he was president of said company at the time. The fact that he executed the note sued on, with his unsatisfactory explanation as to the purpose for which it was executed, strongly corroborates Sherrill in his explanation of the transaction. It is an admitted

fact that appellant was bound on the original note to the United States National Bank, and has been released from same; and the only explanation of the manner in which that release was effected, is given by Sherrill.

The evidence authorized the instruction, and appellant cannot complain because the jury chose to accept the testimony of Sherrill rather than his own. They were fully justified in doing so.

It will thus be seen that the recovery had was neither upon the note sued on, nor upon said note according to its original tenor before alteration, if it was altered, but was upon the original consideration. Such recovery may be had, notwithstanding the fact that the note given therefor or in renewal thereof, is invalid against some of the parties thereto. Traders Deposit Bank v. Day, 105 Ky., 219.

This makes it unnecessary to pass upon the other questions raised in brief for appellant. Whether the alleged alteration was a material one, and whether the plaintiff bank was a holder in due course, under the new Negotiable Instruments Law, section 3720b, Kentucky Statutes, are merely moot questions here, for no recovery was had upon the note.

The judgment is affirmed.