# DECISIONS

OF THE

# COURT OF APPEALS OF KENTUCKY

## APRIL TERM, 1909.

CASE 1.—ACTION BY THE TISCHENDORF-CHRESTE LUM-
BER COMPANY AGAINST E. C. HEGAN AND
OTHERS.—May 18, 1909.

## Tischendorf=Chreste Lumber Co.
## v. Hegan, &c.

Appeal from Jefferson Circuit Court (Chancery Branch, Second Division).

SAMUEL B. KIRBY, Judge.

Judgment for defendants, plaintiff appeals.—Affirmed.

1. Mechanics' Liens—Statement—Contracting Party—Designation.—Ky. St. 1909, Sec. 2468, requiring a mechanics' lien statement to allege the name of the owner, if known, and whether the materials were furnished or the labor performed by a contract with the owner or with a contractor or subcontractor, requires that such statement shall specify the person with whom the contract was made.

2. Mechanics' Liens—Statement—Allegation of Contracting Party.—Under Ky. St. 1909, Sec. 2468, requiring a mechanics' lien statement to allege whether the materials were furnished by contract with the owner or with a contractor or subcontractor, a statement that the materials were furnished at the instance and request of the owner H., his agents and contractors, was sufficient if the contract was made with the owner and contractor, but was fatally defective where it subsequently appeared that they were furnished by contract with the contractor alone.

EDWARD F. W. KAISER for appellant.

AUTHORITIES.

Kentucky Statutes, Section 2468; Mivelaz v. Johnson, 30th Ky. Law Rep. 389; Mivelaz v. Genovely, 28th Ky. Law Rep. 203; Nelson Manufacturing Co. v. Mann Bros., 24th Ky. Law Rep. 1547; Hodges v. Arvidson, 23rd Ky. Law Rep. 2078; Browinski v. Pickett, 24th Ky. Law Rep. 305; Dobson v. Thurman, 30th Ky. Law Rep. 1331.

ROBERT N. MILLER for appellees.
No brief.

OPINION OF THE COURT BY WM. ROGERS CLAY, COMMISSIONER.—Affirming.

Appellant, Tischendorf-Chreste Lumber Company, is a corporation which purchased the assets and good will of Tischendorf, Hecht & Co., a partnership composed of W. R. Tischendorf and Henry Hecht. The partnership furnished material for the erection of eight cottages belonging to appellee E. C. Hegan. The value of the materials furnished was $1,900.15. Of this sum $1,655.60 was paid, leaving a balance due of $244.55. For the purpose of enforcing a lien for the latter amount, a statement was filed in the county clerk's office of Jefferson county, Ky., under section 2468, Ky. St. In specifying the person with whom the contract was made, the statement contains the following: "Affiant states that between the 10th day of April, 1905, and the 18th day of July, 1905, at the instance and request of said E. C. Hegan, his agents and contractors, he furnished certain materials," etc. Section 2468, Ky. St., is as follows: "The liens mentioned in the preceding sections shall be dissolved unless the claimant, within six months after he ceases to labor or furnish materials as aforesaid, files in the office of the clerk of the county court of the county in which such building or improvement is situated a

statement of the amount due him, with all just credits
and set-offs known to him, together with a description
of the property intended to be covered by the lien,
sufficiently accurate to identify it, and the name of
the owner, if known, and whether the materials were
furnished, or the labor performed, by contract with
the owner, or with a contractor or subcontractor,
which shall be subscribed and sworn to by the person
claiming the lien, or by some one in his behalf.'' It
will be observed that the aforesaid section provides
that the liens mentioned in the preceding sections
shall be dissolved unless the claimant, within six
months after he ceases to labor or furnish materials,
files in the office of the clerk of the county court of the
county in which such building or improvements is sit-
uated a statement showing (1) the amount; (2) de-
scription; (3) owner, if known; (4) whether mate-
rials furnished by contract with owner, contractor, or
subcontractor. Appellant's petition states that the
contract was made with one Douglas Humphrey, a
contractor who had contracted with E. C. Hegan, the
owner, while the lien statement itself, which is filed
with the pleadings, states that the contract was made
with E. C. Hegan, his agents and contractors. A de-
murrer was filed to the petition, and sustained. Ap-
pellant declining to plead further, its petition was
dismissed. From that judgment this appeal is prose-
cuted.

It is insisted by appellant that the purpose of speci-
fying with whom the contract was made was to ap-
prise the owner of that fact; that as the owner would
know whether he had made the contract himself, or
his contractor had made it, a strict compliance with
the provision of the statute would be merely to ap-

prise the owner of things which he already knew; that, on this account, the provision in question should be liberally construed. To hold, however, that the claimant could disregard the provision in question, would be to give it no effect whatever. The Legislature must have had some purpose in view in requiring the claimant to specify the person with whom the contract was made. Manifestly, if the statement specified that the contract was made with the owner, and the owner knew and could establish the fact that such was not the case, he would have a right to guide his conduct accordingly. Under such circumstances, he might advance to the contractor more than he otherwise would. On the other hand, if the claimant specifies that the contract was made with the contractor himself, and the owner found upon investigation that such was not the case, this fact would control his conduct to some extent. Moreover, if the statement certified that the contract was made with the owner and the petition so alleges, and upon the trial the claimant should attempt to establish his case by proving that it was made with the contractor (which he would have a right to do if no effect was to be given to the provision in question), the owner would certainly be at a great disadvantage. The purpose of the provision is evidently therefore to put the owner on notice. He should be permitted to rely upon the specifications contained in the statement. Inasmuch as the enforcement of a mechanic's lien frequently works a hardship upon the owner, we can see no good reason why the claimant should not be required to file a statement complying with the plain requirements of the statute. The materialman knows with whom the contract is made. It is easy for him to comply with the

statute. So far as he is concerned, no hardship will follow because a strict compliance with the statute is required. On the other hand, the owner may suffer a large loss if the statement does not comply with the statute. Our conclusion, then, is that the Legislature intended that some meaning be given to the provision in question, and that the only way to give it any meaning whatever is to hold that in all cases it should be complied with in a substantial manner.

The question then arises: Is the language used in the statement a sufficient compliance with the statute? The statement does not say, "At the instance and request of said E. C. Hegan, his agents or contractors;" but it says, "at the instance and request of said E. C. Hegan, his agents and contractors." While the provisions of the statute requires the claimant to specify whether the contract is made with the owner or contractor or subcontractor, it cannot be that the owner would have to specify one or the other, if as a matter of fact the contract was made with the owner and contractor. While the form of the statement is not to be commended, we conclude that the statement itself is a sufficient compliance with the provision of the statute. However, in order for the materialman to recover on such a statement, it is absolutely necessary for him to allege and prove that the contract as a matter of fact was made with the owner. While the statement shows the contract was made with both the owner and the contractor, the claimant could not recover if the material was furnished by contract with the contractor alone. That is the case before us. The statement shows a contract with both the owner and the contractor, while the petition charges that the contract was made with the

contractor alone. We therefore conclude that the petition was fatally defective, and that the court properly sustained a demurrer thereto.

For the reasons given, the judgment is affirmed.