## Brink, et al. v. Walter.

(Decided October 19, 1911.)

### Appeal from Campbell Circuit Court.

Liens—Action to Enforce Materialman's Lien—Evidence—Agent. —In an action to enforce a materialman's lien, the question being whether the contract was made with the authorized agent of the owner of the property, evidence examined and held that the contract was made with the authorized agent of the owner, and that the lien asked was properly adjudged.

HUBBARD SCHWARTZ for appellants.

JUDSON SHUEY for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

On April 4, 1910, Mrs. Ed. Caveman, of Cincinnati, Ohio, employed the Simmonite Construction Co., of Belleview, Kentucky, to furnish the material and construct a house for her in Belleview, at the price of $4,925. This contract was agreed upon in November, 1909, but was not reduced to writing until April 4, 1910. George H. Simmonite was the organizer and president of the construction company; he also drew the plans and specifications of the house in November, the time at which the verbal contract was made. George H. Simmonite employed appellee to furnish sand, gravel and cement and to do labor on the building, at the price of $350.

Appellee furnished the material and performed the labor, and not having received pay therefor within six months after the work was completed, to-wit, September, 1910, he filed his claim in the county court clerk's office in accordance with provision 2468, Kentucky Statutes. The claim filed amounted to $350.07, with a credit of $60.15, leaving a balance due of $289.92, for which he filed a petition in due time to enforce a lien upon the property. The evidence was heard and the lower court found for appellee.

Appellants present three grounds for a reversal of the lower court's finding. First, the lower court erred in refusing to sustain a demurrer to the statement and petition. Second, appellee failed to prove that he performed the labor and furnished the material. Third, the credit should be for $100 instead of $60.15. We will

consider these reasons in reverse order to the one in which they are stated. It is true appellee received a check for $100 at the time he entered the credit for $60.15. This check was given him by George H. Simmonite before he (Simmonite), according to the testimony, received any money from Mrs. Caveman. It also appears that Simmonite was at that time indebted to appellee for other material and labor in the sum of $39.85, which he directed appellee to take out of the $100 check and apply the remainder on the account for $350.07, which he did. The facts are for appellee on this matter, and besides appellants make no claim in their pleadings as to this credit.

Appellants are in error as to the second complaint. They say there is no proof that appellee furnished the material and labor on this building. Appellee testified with the account before him that he furnished each item of the material and labor on the building for Mrs. Caveman.

This leaves the only question to be determined as to whether George H. Simmonite, with whom appellee made the contract, was the authorized agent of Mrs. Caveman, now Mrs. Brink. In the statement filed in the county clerk's office, appellee stated that he had made the contract with the defendant, Mrs. Caveman, by and through her authorized agent, George H. Simmonite, and in the petition, he used the same language. Appellants answered denying that George H. Simmonite was her agent for any purpose, and Mrs. Brink also denied it in her testimony. Appellants' main contention is that the case should be reversed because of this fact, and cites the case of Tinchendorf-Chreste Lumber Co. v. Hegan, &c., 134 Ky., 1, as authority for their claim. In that case it was stated in the claim filed in the county court clerk's office that the contract for furnishing the material was made "at the instance and request of E. C. Hegan, his agents and contractors," while the petition alleged that the contract was made with the contractor alone. The difficulty with that case was that the statement filed did not give the owner notice as to whom the contract was made with and there was a variance between the allegations of the petition and the statement. In the case at bar, the statement and petition agree that it was made with George H. Simmonite, the agent of appellant, Mrs. Brink. She could not have been deceived

as both the statement and petition specified that the con-
tract was made with George H. Simmonite, her author-
ized agent, and president of the construction company
that had the contract for the construction of the building.
She stated that he was not her agent, but Simmonite
testified that he was; that he was engaged by her to
draw plans and specifications for the building; that he
did draw them; that he was requested to see that the
building was erected according to contract and to see
that the material was put into the building and labor
performed as per contract She does not deny this spe-
cifically, but only says that he was not her agent.

In view of the testimony in this case, the lower court
did not err in concluding that appellee made the contract
with Mrs. Brink through her authorized agent, George
H. Simmonite.

Therefore, the judgment is affirmed.