## GRAINGER & CO. v. RILEY.

### In re GLOBE PRINTING CO.

(Circuit Court of Appeals, Sixth Circuit. January 7, 1913.)

No. 2,271.

1. BANKRUPTCY (§ 192*)—MECHANICS' LIENS—EXISTENCE—STATE LAW.

Whether claimant was entitled to a mechanic's lien on assets of a bankrupt for labor and materials furnished in the performance of certain alterations in the place where the bankrupt conducted its business depended on the statutes of the state.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 294; Dec. Dig. § 192.*]

2. MECHANICS' LIENS (§ 1*)—EXISTENCE—STATUTES.

A mechanic's lien for labor and material is unknown to the common law, and exists only by virtue of statute, a substantial compliance with which is essential to the existence of the lien.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. § 1; Dec. Dig. § 1.*]

3. MECHANICS' LIENS (§ 118*)—STATUTES—CONSTRUCTION—LEASEHOLD.

Ky. St. § 2463, as amended by Sess. Laws 1910, c. 64, provides for the creation of mechanics' liens, and declares that no person shall acquire such a lien unless he shall notify the owner of the property to be held,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

or his authorized agent, in writing, immediately after the last item of the material or labor is furnished, of his intention to hold the property liable, and the amount for which he will claim a lien. *Held* that, where claimant was employed by the bankrupt lessee of certain premises to refurnish and repair an elevator thereon, claimant was not entitled to a mechanic's lien on the leasehold estate, in the absence of notice to the bankrupt of its intention to claim a lien.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. § 161; Dec. Dig. § 118.*]

Appeal from, and Petition to Revise, an Order of the District Court of the United States for the Western District of Kentucky; Walter Evans, Judge.

In the matter of bankruptcy proceedings of the Globe Printing Company; William E. Riley, trustee. From an order sustaining a referee's findings, denying the application of Grainger & Co. for a lien against the bankrupt's assets for work and materials furnished for the bankrupt as lessee of certain premises on which it conducted its operations, claimant appealed, and filed a petition to revise. Affirmed.

Gifford & Steinfeld, Fred Forcht, Jr., and Benjamin F. Washer, all of Louisville, Ky., for appellant.

Graddy Cary, Henry Burnett, and H. W. Batson, all of Louisville, Ky., for appellee.

Before WARRINGTON and DENISON, Circuit Judges, and McCALL, District Judge.

McCALL, District Judge. On the 23d day of May, 1910, the Globe Printing Company entered into a written contract with one George Looms, by the terms of which certain premises in Louisville, Ky., were leased by Looms to the Globe Printing Company for a period of 20 years from September 1, 1910. The lessee took possession of the premises, and afterwards employed the appellant, Grainger & Co., to rearrange and repair an elevator thereon. This work was completed prior to December 21, 1910. The contract price was $1,046. The Printing Company paid $100 on account. No further sums having been paid, a balance of $946 remained.

On March 20, 1911, the Globe Printing Company was adjudged a bankrupt, and shortly thereafter the appellee, William E. Riley, was elected trustee of the bankrupt's estate. On the 19th of May, 1911, Grainger & Co., with the view of perfecting a lien upon the leased premises, and also upon the bankrupt's leasehold interest therein, filed in the office of the clerk of the county court of Jefferson county, Ky., a statement that a lien was claimed by it to secure the payment of said account. Subsequently, appellant filed its claim with the referee against the bankrupt's estate, and asserted its said lien.

The referee, without notice to the trustee, allowed the claim as a secured one, on the day it was filed. Thereafter exceptions were filed by the trustee of the bankrupt, and, upon hearing, the order allowing the claim as a secured one, was set aside, and it was allowed as a general claim. Upon review by the District Court, the findings of the

referee were affirmed.    In due season, Grainger & Co. 'perfected an appeal to this court, and also filed its petition for review.

Under the ruling of the Supreme Court of the United States in the Matter of the Petition of Loving, trustee, the petition for review must be dismissed.    224 U. S. 183, 32 Sup. Ct. 446, 56 L. Ed. 725.

[1] The sole question involved is whether the appellant held a secured claim against the bankrupt's estate.    The answer of the question depends upon section 2463 of the Kentucky Statutes, as amended in 1910 (Laws 1910, c. 64), and which is as follows:

"A person who performs labor or furnishes material in the erection, altering or repairing a house, building or other structure, or for any fixtures or machinery therein, or for the excavation of cellars, cisterns, vaults, wells, or for the improvement, in any manner, of said real estate by contract with, or by the written consent of the owner, contractor, subcontractor, architect, or authorized agent, shall have a lien thereon, and upon the land upon which the said improvements shall have been made or any interest such owner has in the same, to secure the amount thereof, with cost; and said lien on the land or improvements shall be superior to any mortgage or encumbrance created subsequent to the beginning of the labor, or the furnishing of the material; and said lien, if asserted, as herein provided, shall relate back and take effect from the time of the commencement of the labor or the furnishing of the materials; provided, that no person shall acquire a lien under this section unless he shall notify, in writing, the owner of the property to be held liable or his authorized agent, immediately after the last item of said material or labor is furnished, of his intention to hold the said property liable, and the amount for which he will claim a lien."

The last clause of the section, beginning with the words, "that no person," etc., is an amendment added to the original section in 1910 (Session Acts Ky. 1910, p. 201), and it has not been considered by the Court of Appeals of Kentucky, and we therefore must determine the question before us unaided by the opinion of that court.

It is agreed that no notice was given immediately after the completion of the work as provided in the section of the Kentucky statute just quoted, supra.    It is not sought here to enforce a lien against the leased premises, but only as against the leasehold estate, and the contention of the appellant is that under a proper construction of section 2463, as amended, it was not necessary for Grainger & Co. to notify the lessee, the Globe Printing Company, of an intention to claim a lien on the leasehold, upon the ground that it was the party with which the contract was made.

Quite an array of authorities are cited in support of this contention, which we deem it unnecessary to consider, further than to say that we do not think they are in point.    The statute authorizes a lien in favor of mechanics, laborers, and materialmen, and provides that no person shall acquire this lien, unless he shall notify in writing the owner of the property to be held liable or his authorized agent immediately after the last item of material or labor is furnished, of his intention to hold the property liable, and the amount for which he claims a lien.    Nothing is left to inference or conjecture.    A compliance with this provision is, as we think, conditio sine qua non.

[2] A lien, such as is sought here, for labor performed or material furnished, is unknown to the common law, and is purely a statutory

.one. That there must be a substantial compliance with the terms of such statutes is everywhere maintained, and the right created thereunder can only be availed of in the manner and upon the conditions provided for in the act giving the lien. Withrow Lumber Co. v. Glasgow Inv. Co., 101 Fed. 863, 42 C. C. A. 61; Tischendorf-Creste Lumber Co. v. Hegan, 134 Ky. 1, 119 S. W. 163; Hardin v. Marble, 76 Ky. (13 Bush) 58; General Fire Extinguisher Co. v. Chaplin, 183 Mass. 375, 67 N. E. 321; Minor v. Marshall, 6 N. M. 194, 27 Pac. 481; Shackleford v. Beck, 80 Va. 573.

The language of the statute under consideration is clear and unambiguous and leaves no room for construction. As was said in U. S. v. Ninety-Nine Diamonds, 72 C. C. A. 9, 139 Fed. 961, 2 L. R. A. (N. S.) 185:

"Construction and interpretation have no place or office where the language of a statute is unambiguous and its meaning evident."

And again in Brun v. Mann, 80 C. C. A. 513, 151 Fed. 145, 12 L. R. A. (N. S.) 154, it is said:

"It is only when the terms of a statute are ambiguous and their significance is uncertain that the rule of liberal construction has any function. * * * They [the courts] may not assume or presume purposes and intentions that the terms of the statute do not indicate, and then enact or expunge provisions to accomplish these supposed intentions. * * * There is a conclusive presumption that the legislative body intended what it declared; the statute must be held to mean what it clearly expresses, and no room is left for construction."

[3] From these considerations we deem it unnecessary to enter into the field of construction and interpretation, but we must accept the plain, simple, and unambiguous terms of the statute as we find them. If its terms are harsh, the remedy rests with the Legislature of Kentucky, and not with the courts. In order to have secured the lien provided by section 2463, as amended, the appellant should have given notice to the bankrupt or his authorized agent immediately after the last item of material or labor was furnished, as provided in the statute. This was not done. The case is affirmed, with costs.