## Phalin v. Standard Planing Mill Company.

(Decided June 1, 1923.)

### Appeal from Boyd Circuit Court.

1. Mechanics' Liens—Evidence Held Not to Show Contract with Agent, as Alleged in Statement and Petition.—Where the owner's testimony that the contractor was to furnish the materials for the building was corroborated by the contractor, and the only evidence that the contractor was her agent consisted of a suggestion to them to obtain the materials from plaintiff and an anxiety on her part that the bill of plaintiff should be paid, with some conversation after a large part of the material had been furnished, and the plaintiff served the notice required by Kentucky Statutes, section 2463, only in case the contract was not made with the owner or her agent, the evidence was insufficient to sustain the allegation in the lien statement and petition that the goods were furnished contractor with the owner through her agent.

2. Mechanics' Liens—Allegation of Statement and Petition that Contract was with Owner's Agent Must be Proved.—Where the statement filed by the materialman, under Kentucky Statutes, section

2468, and the petition, alleged that the materials were furnished at the request of the owner through her agent, it is necessary for the materialman to prove that allegation in order to establish his claim to a lien.

WOODS & BRYSON and JOHN W. WOODS for appellant.

DYSARD & ADAMSON for appellee.

OPINION OF THE COURT BY JUDGE MOORMAN—Reversing.

In July, 1919, appellant entered into a contract with Taylor Alley and F. R. McComis, by which she employed them to erect a residence on a lot she owned for the agreed price of $1,400.00. The contractors purchased some of the materials for the house from appellee, but failed to pay the balance due therefor, amounting to $505.20. Within thirty-five days after the furnishing of the last item appellee, proceeding under section 2463 of the Kentucky Statutes, notified appellant of its intention to hold her property liable for the amount of its claim. On December 18, 1919, it filed a statement in the county court clerk's office, under section 2468 of the statutes, claiming that the material was furnished by contract with appellant, through her agents, Alley and McComis. Appellant refused to pay the bill. Appellee then filed this suit in the Boyd circuit court, seeking a judgment for the balance due it, and asserting a lien against the property to satisfy its claim. On the hearing appellee was adjudged a lien on the property, but no personal judgment was rendered against appellant.

On this appeal appellant contends that the judgment should be reversed because appellee's right to a lien rests on the ground, as alleged in the petition, of a contract made with appellant or her agent, whereas the evidence shows that no such contract was made but that the material was furnished to the contractors. The suit was based on a contract made with appellant through her agent, and the statement filed in the office of the clerk of the county court, under section 2468 of Kentucky Statutes, shows that the material was furnished under a contract made with appellant through her agent, but the notice given under section 2463 asserts a claim for material furnished to the contractors.

Section 2463 provides "that no person who has not contracted directly with the owner or his agent shall

acquire a lien under this section unless he shall notify in writing the owner of the property to be held liable or his authorized agent, within thirty-five days after the last item of said material or labor is furnished, of his intention to hold said property liable, and the amount for which he will claim a lien," etc. It will be seen from this language that the notice provided for in this section is not required if the contract was made with the owner or his agent. The petition alleges that it was made with the owner through her agent. Hence the only question is, does the evidence sustain the averments of the petition and authorize the judgment?

Appellant testified that she made no contract with appellee for the material, and that the contractors were to furnish all materials and do the work for a stipulated price. She was corroborated by the contractors. The contract, which was introduced in evidence, provided that the house should be built for a certain sum. The material when ordered was charged to the contractors on the books of appellee. Some of the officers of appellee said that the contractors were agents for appellant, but their testimony on that point, when carefully examined, shows no fact or circumstance justifying the conclusion. It is true that appellant suggested to the contractors that they could obtain some of the materials from appellee, also that she seemed concerned about the payment of the bill, but she says, and indeed her explanation is quite credible, that she knew appellee was reliable and wanted the contractors to obtain good materials, and further, after learning that they had not paid the bill she was sorry that they had not done so, and was anxious for appellee to get its money. The trial court seemingly did not regard the evidence as establishing a contract with appellant, for no personal judgment was rendered against her. The conversations that the officers of appellee had with appellant, which they claim indicated to them that the contractors were her agents, occurred subsequently to the ordering of a large part of the material. After those conversations, as before, materials furnished were charged to the contractors. By serving notice on appellant, under section 2463 of the statutes, appellee proceeded on the theory that the material was not furnished under a contract with appellant, or her agent, but was furnished to the contractors. There is no substantial evidence in the

record to the effect that appellant contracted with appellee or assumed the obligation of paying for the material. On the other hand, it is shown that the purchase was made by the contractors.

In Tischendorf-Chreste Lumber Co. v. Hegan, etc., 134 Ky. 1, where a statement filed by the materialman under section 2468 of Kentucky Statutes showed that the materials were furnished at the instance and request of the owner, his agents and contractors, and the petition charged that the contract was made with the contractor alone, it was held that the petition was fatally defective and the demurrer thereto was properly sustained. In that opinion it was said: "While the form of the statement is not to be commended, we conclude that the statement itself is a sufficient compliance with the provision of the statute. However, in order for the materialman to recover on such a statement, it is absolutely necessary for him to allege and prove that the contract as a matter of fact was made with the owner."

Under the doctrine announced in this decision it was necessary for appellee to prove that the contract was made with appellant directly or through her agent. The evidence, as we have seen, fails to establish either claim. If appellee had proved a contract with appellant, its right to a lien could not be questioned. But it proved no such contract, and the lien asserted in its statement filed in the office of the clerk of the county court, and also in its petition, being based on a contract not sustained by any evidence, it necessarily follows that the action of the trial court in adjudging a lien was erroneous.

The judgment is accordingly reversed.