## Whitfield v. The Kentucky Sales Corporation.

(Decided December 11, 1925.)

### Appeal from Harlan Circuit Court.

1. Mechanics' Liens—Petition Seeking to Enforce Mechanic's Lien Held Demurrable as being Contradictory to Statement Filed by Materialman.—Petition to enforce mechanic's lien held fatally defective and demurrable, where statement filed by materialman under Ky. Stats., section 2468, asserted that material had been furnished to contractor, whereas petition alleged that it was furnished to contractor as agent for owner, for which owner agreed to pay stipulated sum; the petition and statement thus being contradictory.

2. Mechanics' liens—Materialman Held Not Entitled to Include Material Not Delivered on Appellant's Property nor Used in Erection of House Thereon as Basis for Determining Whether Proper Notice Given.—As regards question whether materialman sent notice required by Ky. Stats., section 2463, within 35 days after last item of material for which lien is claimed was furnished, evidence held to show that lumber which materialman relied on as having been furnished within 35 days of giving notice was never delivered to or on defendant's property nor actually used in erection of house thereon, and hence cannot be included in material on which materialman could claim lien.

3. Mechanics' Liens—Materialman Held Not to Have Given Required Written Notice Within 35 Days After Last Item of Material for which Lien Claimed was Furnished.—In petition to enforce mechanic's lien for materials furnished in construction of defendant's property, evidence held to show that written notice required by Ky. Stats., section 2463, was not sent to defendant within 35 days after last item for which lien is claimed was furnished, and hence materialman had no lien on defendant's property to secure its payment.

HALL, JONES & LEE for appellant.

J. S. FORESTER for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

In this action, appellee seeks to enforce a mechanic's lien claimed on appellant's property located in Harlan, Kentucky. The lower court not only sustained the lien but also gave appellee a personal judgment against appellant. From this judgment appellant brings this appeal.

In its statement filed with the county clerk as required by section 2468 of the Kentucky Statutes, appellee asserted that it was a materialman and as such had furnished to one Spurling, who was appellant's contractor, certain materials which had been used by Spurling in the improvement of appellant's property as provided by his contract with her. The proof without dispute shows that the materials were so furnished to the contractor Spurling and not to the owner of the property. Nevertheless in its petition filed in this action appellee avers that under a contract "made and entered into with G. P. Spurling, contractor and agent for the defendant, E. H. Whitfield, it delivered to de-

fendant certain building material for the construction of a building for said defendant on the hereinafter described real estate for which she agreed and promised to pay" the appellee the sum of $2,557.30. Accompanying the petition was a certified copy of the statement above re-ferred to. The court overruled the appellant's demurrer to this petition and in so doing committed error for it was fatally defective. The statement filed as an exhibit contradicted the petition and in so doing rendered the petition faulty. Covington Gas Light Co. v. City of Cov-ington, 101 S. W. 923; Hedges v. Combs, 197 Ky. 469, 247 S. W. 711. In Tischendorf-Chreste Lumber Co. v. Hegan, 134 Ky. 1, 119 S. W. 163, we held that where the statement filed by the materialman under section 2468 of the Kentucky Statutes showed that the materials were furnished at the instance and request of the owner, his agents and contractors, and the petition to which this statement was attached as an exhibit charged that the contract was made with the contractor alone, the petition was fatally defective and the demurrer thereto was prop-erly sustained. This case is just the converse of the case before us and under its authority the demurrer to the petition herein should have been sustained. See also Phalin v. Standard Planing Mill Co., 199 Ky. 495, 251 S. W. 635.

The proof in this case overwhelmingly establishes that the notice required by section 2463 of the Kentucky Statutes to be sent to the owner of the property by one who has not contracted directly with such owner within thirty-five days after the last item of material or labor for which a lien is claimed is furnished, was not sent until December 29, 1921. This was not within the thirty-five days after the last item of material for which appel-lee may claim its lien had been furnished unless it be held that a shipment of lumber at appellee's instance from Coker, Alabama, on November 26, 1921, consigned to Spurling at Harlan, Kentucky, should be included in such material. Spurling had ordered this lumber for use on appellant's house. It arrived in Harlan and was de-livered by the carrier to Spurling on December 14. The proof establishes though that no part of this lumber was ever delivered to or on appellant's lot or entered into the construction of her house. Appellee insists that the delivery of this lumber to the carrier in Alabama con-signed to Spurling was a delivery of it to him and thus

a furnishing of material within the meaning of Kentucky Statutes, section 2463. On the question whether or not the material for which a lien is claimed must be actually used in the improvement of the property to sustain such lien, there is a contrariety of opinion. See 18 R. C. L., p. 919. But even in those jurisdictions in which a lien may be acquired for materials furnished though they are not actually used in the improvement of the property, it is generally held that the lien cannot attach in the absence of a delivery of the material upon the premises or other act equivalent thereto, as notice to or an implied assent by the owner, at least where such material is not specially designed nor prepared for the improvement in question. 18 R. C. L. 922. In L. R. A. 1915E, p. 302, there is a note appended to the case of Thompson-McDonald Lumber Co. v. Morawetz, 127 Minn. 277, 149 N. W. 300, which case sustains the appellee's position in this connection. The note justly criticizes the rule of the Thompson-McDonald Lumber Co. case and collects the authorities to the contrary. We believe the better rule to be as stated in the text in R. C. L. and cannot subscribe to that of the Thompson-McDonald case. As well said by the writer of the note in L. R. A.:

"Under the rule adopted by this court in Thompson-McDonald Lumber Co. v. Morawetz, the owner is not safe, unless he is protected by a bond, in settling with his contractor after ninety days (or other period for filing liens) has expired since the last delivery of material upon the premises, even if the record is free from liens at the time. A lien may be filed later for material that he never saw and never heard of, and the lien may include the price of other material for which no lien could be filed on account of expiration of the lien period, but for the fact that it was furnished by the same materialmen who furnished the unheard of material. So, the owner takes the risk in settling without a bond, and a search of the mechanics' lien record is no protection to him. But if the interpretation is sound, the practical business world, except bonding and surety companies, may have recourse to the legislature for relief. . . . It would therefore seem, in view of the further fact that the decision in Thompson-McDonald Lumber Co. v. Morawetz is opposed by many decisions and

fully supported by none, that the court may have gone a little further in sustaining the lien than other courts will be willing to go. It would seem that there ought to be some sort of notice to the owner that would be sufficient to place him in the position of at least tacitly assenting to the transaction. As the court pointed out, a delivery upon the premises might not in every case be adequate, but that would seem to be an argument against holding him liable in every case in which there was such a delivery without use of the material, rather than for holding that the lien attaches in the absence of a delivery. The better rule would seem to be that the lien cannot attach unless the owner is in the position of having at least tacitly consented to the transaction, and delivery upon the premises may or it may not place him in that position, considering all the surrounding circumstances."

In Foster v. Dohle, 17 Neb. 631, 24 N. W. 208, it was held that: "The lien of a materialman for materials furnished for the erection of a building under an agreement with the contractor extends only to such materials as were used in or delivered at the building for use therein." The court said:

"But it will not be seriously contended that the mere fact that the owner enters into a contract with the builder to erect or repair a building authorizes the builder to go to every lumber yard in the city and every hardware store and purchase from each a sufficient quantity of material for the erection or repair of the building in question, and make the owner of the building liable therefor. If all this material was delivered by the materialmen at the building, and they acted in entire good faith, it is possible the owner might be liable, because the delivery of the material would be notice to him of the unusual quantity which was being furnished for which he might be liable. But that question is not before the court. The contractor, however, unless expressly constituted such, is not the agent of the owner, and cannot bind him by contracts for materials not put into the building or delivered at the same for use therein."

Applying the principle adopted by us as the better one, we find that the lumber shipped on November 26, 1921, was not specially designed or prepared for appellant's house. It was never actually used in the erection of that house. The evidence shows that it was never delivered to or on appellant's property nor is there present any other act equivalent to such delivery. It follows then that this shipment cannot be included in the material for which appellee could have claimed a lien. This being true, no written notice as required by section 2463 of the Kentucky Statutes, was sent appellant by appellee within thirty-five days after the last item of material for for which its lien is claimed was furnished within the meaning of the mechanic's lien law, and hence it has no lien upon appellant's property to secure the payment for the material furnished by it to Spurling for the erection of appellant's house.

For the reasons herein set out, the judgment of the lower court is reversed, with instructions to dismiss appellee's petition.