# Southern Brick and Tile Company v. William Walker.

# Southern Brick and Tile Company v. Bertha Walker.

# Southern Brick and Tile Company v. B. F. Jarboe.

(Decided November 26, 1926.)

## Appeals from Jefferson Circuit Court
## (Chancery Branch, First Division).

1. Mechanics' Liens—Claimant, to Establish Lien for Brick Used in Improving Property, Held Required to Show Brick Furnished to Both General Contractor and Subcontractor.—Brick company, to establish lien for brick used in improving certain property, held required to show that brick was furnished at request of and under contract with both general contractor and subcontractor, for use and benefit of owner.

2. Mechanics' Liens—Allegation that Brick was Furnished to Contractor and Subcontractor Held not Sustained by Proof that it was Furnished to Subcontractor.—In brick company's action to enforce lien, allegation that brick was furnished to contractor and subcontractor held not sustained by proving that it was furnished to subcontractor.

HARDIN H. HERR and G. BIRD MERHOFF for appellant.

A. M. MARRETT and B. F. GARDNER for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Affirming.

The appellant, whom we will refer to as the brick company, sought to enforce a lien for brick used in improving the property of William Walker. It was unsuccessful, and has appealed. In its answer, counterclaim and cross-petition, the brick company alleges that "at the special instance and request of B. F. Jarboe, general contractor, and George Leezer, subcontractor, it furnished by contract with B. F. Jarboe, general contractor, and George Leezer, subcontractor, for the use and benefit of William Walker, the owner of property described in the petition, . . . material used in the improvement of a building and repairing of a house situated on the property described."

The statement filed in the clerk's office, as required by section 2468, Kentucky Statutes, contains this allegation: "Said materials were furnished by contract with B. F. Jarboe, general contractor, and George Leezer, sub-

contractor." The statement of account filed with the brick company's cross-petition, shows that it is making claim for "balance for material furnished at 708 W. Walnut street, $675.74," and said statement further shows that this material was "sold to Mr. George Leezer."

The proof showed that this material was sold to George Leezer. It was charged on the books of the brick company to George Leezer. The notice given to Mr. Walker under section 2463, Kentucky Statutes, notified him that the brick company would claim a lien for a balance of $675.74, for material furnished to George Leezer.

In order for the brick company to succeed, it was necessary for it to prove the allegations of its cross-petition. It failed to do so. The allegation that this material was furnished to Jarboe and Leezer is not sustained by proving it was furnished to Leezer.

The action of the trial court in refusing a lien to the brick company is approved, as it is in accord with opinions of this court found in Tischendorf-Chreste Lumber Company v. Hegan, 134 Ky. 1, 119 S. W. 163; Whitfield v. Ky. Sales Corp., 211 Ky. 809, 278 S. W. 105; Phalin v. Standard Planing Mill Co., 199 Ky. 495, 251 S. W. 635.

The judgment is affirmed.