## Hoosier Building Tile & Silo Company v. Peet.

(Decided March 25, 1932.)

LEE S. JONES and D. A. McCANDLESS for appellant.

JOHN K. SKAGGS, JR., and F. M. DRAKE for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

The Hoosier Building Tile & Silo Company instituted an action against Harry Peet, Jr., to enforce a statutory lien for materials furnished to a contractor, and used in constructing a building on Peet's property. The circuit court dismissed the action, resulting in this appeal.

The petition alleged that the plaintiff, or its authorized agent, within 35 days after the last item of the material was furnished, gave notice of its intention to assert a lien on the property described and of the amount and nature of the claim. The answer of the defendant denied certain allegations of the petition, but did not deny the averments respecting notice. The case went to a commissioner, who heard the evidence and reported in favor of allowing the plaintiff's claim. It developed at the hearing that the notice had been mailed to a former

address of Peet, but not to his last known address, and Peet testified that he did not receive the notice. An amended answer was filed on June 5, 1930, denying the allegations of the petition respecting the notice, and raising some serious questions as to the sufficiency of the notice as to form, substance, and signature. Without taking further proof, the parties went to trial on the exceptions of the defendant to the report of the commissioner. The court sustained an exception on the sole ground that the notice required by the statute was not delivered to Peet or mailed to his last known address. A motion for a new trial was filed, and also an amended petition setting up a contract direct with the defendant. The court finally dismissed the action on both claims. It is now argued that the evidence was sufficient to show a contract with Peet, and that the circuit court abused a sound discretion in refusing permission to take further proof on the question of the statutory notice. It is likely that the amended petition constituted an abandonment of the original claim (Joseph Goldberger Iron Co. v. Cincinnati Iron & Steel Co., 153 Ky. 20, 154 S. W. 374; Arthur v. Campbell, 13 Ky. Law Rep. 734; Ramsey v. Utica Deposit Bank, 156 Ky. 263, 160 S. W. 943; Randolph's Admr. v. Snyder, 139 Ky. 159, 129 S. W. 562; Symmes v. Rose (Ky.), 113 S. W. 97; Jennings v. Fain, 226 Ky. 290, 10 S. W. (2d) 1101; Tischendorf-Chreste Lumber Co. v. Hegan, 134 Ky. 1, 119 S. W. 163), but we have considered both contentions, as did the lower court, and will dispose of them on their merits.

1. Mr. and Mrs. Peet were contemplating the building of a home, and made a trip to appellants' factory at Carbon, Ind., for the purpose of selecting the tile to be used in the building. They selected a type of tile and learned the price, but gave no order for it. Subsequently the contractor ordered the material desired, and it was charged to his account. A draft drawn on the contractor was dishonored, and the appellant proceeded to perfect a lien. The testimony fails to show a contract with Peet, but does establish one with the contractor. Indeed, the original action proceeded upon the theory that the material had been sold and delivered to the contractor, and, under the undisputed facts, that was clearly the correct theory. Phalin v. Standard Plaining Mill & Building Co., 199 Ky. 495, 251 S. W. 635; Tischendorf-Chreste Lumber Co. v. Hegan, 134 Ky. 1, 119 S. W. 163.

2. It is conceded that the decision of the chancellor, upon the record, as made, was correct, but it is ably argued that it was an abuse of discretion not to permit the taking of additional evidence.

As already noted, no issue as to notice was raised by the original answer. The order of reference was made early in April, and the testimony was completed within 60 days. For some reason not explained, the plaintiff offered proof respecting the notice to Peet which was dated October 9, 1929, and which was within 35 days after the last item of material was furnished. The notice was signed by the plaintiff's attorney, and was addressed to the defendant at his old home, where he had not resided since May, 1929. The plaintiff's agents were advised of the location of Peet's residence at the time. Peet denied that he got the notice, and serious questions were raised regarding its sufficiency in several respects. An amended answer was filed presenting these issues, and, after it was filed, the commissioner's report came in allowing the plaintiff's claim as a lien on Peet's land. The defendant's exceptions were filed and heard without the plaintiff seeking an opportunity to amplify the proof. The court ruled that the notice was inadequate, and sustained the exceptions. A few days later a motion for a re-reference to the commissioner to take further proof was made, and at the same time a third amended petition was filed, setting up a contract with the owner, under which the notice became immaterial. Ky. Stats., sec. 2463. The case was not finally disposed of until several months later.

The grounds shown for allowing further evidence, in addition to the facts then appearing, related to circumstances tending to show that Peet had actually received the notice. But the affidavits detailing the facts were not filed until December, after the plaintiff had been defeated in his effort to show a contract with Peet. In the affidavit in support of the motion made in August, no facts were stated, but the conclusion of the affiant was set forth to the effect that the plaintiff had material and substantial evidence to prove that it had given proper notice of its intention to claim a lien. It does not appear whether the motion was denied on the ground that the further evidence to be offered was not made manifest to the court, or because of the amended petition which rendered such an inquiry immaterial. In either event, no abuse of discretion was involved in the ruling.

In the December affidavit, the grounds are fully set forth, and the principal points are: (1) That the amended answer of June 5, 1930, was not in the file and was supplied later; (2) that the court delayed action on the original motion for a new trial; and (3) that the circumstances related were sufficient to show that Peet actually got the notice, and could not be heard to complain that it was improperly addressed.

It appears that the court permitted the amended answer to be filed over appellant's objection, but then offered to permit him to take further proof upon the new issues thereby introduced, but that offer was declined.

The mere statements of Mrs. Peet, without more, were not competent evidence against her husband, and the explanation of how the mistake occurred did not make the notice good. In the light of all the facts, it· cannot be said that the chancellor abused his discretion in this case. He extended every opportunity to the plaintiff to establish its claim, and for us to order a new investigation under circumstances so equivocal would appear to be arbitrary. 53 C. J. 800, sec. 315; Wilson v. Barrett (Ky.), 115 S. W. 812; Foley v. Dillon, 105 S. W. 461, 32 Ky. Law Rep. 222.

The judgment is affirmed.