## Walden v. Hacker & Marcum.

(Decided June 17, 1932.)

TYE, SILER, GILLIS & SILER for appellant.

STEPHENS & STEELY for appellees.

OPINION OF THE COURT BY JUDGE PERRY—Reversing.

In the latter part of the year 1928, the appellant, Dr. H. L. Walden, entered into a written contract with Hacker & Marcum, building contractors of Corbin, Ky., to build him a dwelling house of the Spanish stucco type.

Prior to the letting of this contract, Dr. Walden employed William Reeves, an architect, to draw up contract, plans, and specifications for the erection of such a house as he and his wife desired. The specifications, which were made a part of this contract, provided that the workmanship and material furnished by the contractor in building this home should be of the best and highest grade.

Prior to contracting with Hacker & Marcum to build the house, Walden purchased from these contractors a lot at the price of $2,000 upon which to construct it.

The house was finished in the early winter of 1929 and turned over to Walden by the contractors, Hacker

528

& Marcum, as a completed job. Walden thereupon took possession of the house and moved in.

According to the contract, the contractors were to build the house as provided for by the plans and specifications for the sum of $5,174.50. Certain agreed alterations and additions were made thereto upon the request and direction of appellant at an additional cost of $866.50, making the total cost of the house and lot and additions thereto $8,040. Appellant paid thereon at about the time of its completion approximately $7,000, leaving a balance of $1,100.50 unpaid.

Walden failing to pay this balance for a period of more than one year after the completion of the house and his occupancy of it, Hacker & Marcum filed suit in the Whitley cricuit court to recover this $1,100.50 alleged owing them.

Upon defendants filing motion to elect whether the plaintiffs would prosecute their action upon the written contract or an oral one, plaintiffs filed an amended petition wherein it alleged that the amount of some $7,000 received from defendant upon his debt for house and lot had been by them applied mostly as a payment upon the building contract, thus leaving an amount of some $1,100.50 due them upon the unpaid purchase price of the building lot; that the Jefferson Standard Life Insurance Company had a first lien debt of some $6,000 against defendant's property, and asked that the said company be made a party defendant and required to set out its lien debt; that plaintiffs be adjudged a second lien for their purchase-money debt against the property; and that same be ordered sold by the master commissioner for its satisfaction.

Defendant thereupon filed his answer traversing the allegations of the petition, and counterclaiming, for damages alleged suffered by him through plaintiffs' negligence and failure to construct for him a dwelling house according to the plans and specifications of their written contract providing therefor, that plaintiffs had employed both faulty workmanship and defetive material in building the dwelling house contracted for as to some seventeen or more parts and particulars thereof, which would cost according to the filed estimate of William Siler, an experienced building contractor, some $3,018.80 to correct and repair so as to conform the building in such named particulars with the provisions of the contract.

Upon motion of the plaintiffs, this cause was ordered transferred to equity as involving settlement of complicated accounts. Thereupon, the parties proceeded to take proof, by which the plaintiffs undertook to show that they had complied with the terms of their contract both as to workmanship and materials furnished in performing their building contract, and that such departures therefrom as were found in the house they had built were due to the express wishes and directions of defendant; that, upon completion of said building, the defendant had taken possession of it and occupied it for more than a year without complaint or notice being given plaintiffs that the house they had built was in any respect or particular unsatisfactory or defective.

Defendant and his witnesses, on the other hand, testified very positively to a different situation, and their testimony strongly conflicts with plaintiffs' in undertaking to show that the plaintiffs breached their building contract made with defendant, in that the house built and delivered defendant thereunder was a very defective and faultily constructed dwelling in some seventeen or more respects and particulars enumerated, thereby, as alleged, damaging defendant in the sum of $3,018.80.

Further appropriate pleadings were filed making up the issues between the parties, when the court, upon motion of plaintiffs, ordered the case submitted to the master commissioner, with directions to make a finding which he would submit to the court, and further directing "and the said Master Commissioner will now proceed to hear other proof if it is necessary to enable him to make a proper finding."

The commissioner having refused to accept the reference of the case to him or to make said finding as ordered, plaintiffs moved the court to appoint a special commissioner, which motion was sustained, and John W. Hart was accordingly appointed special commissioner to "make finding in this case, and he is empowered to hear further proof if he deems it necessary."

The said special commissioner accepted the appointment as such, and, without taking any further proof or notice being given the parties that he would hear or desired any further proof, made and filed a report of his finding to the court, wherein he recited that

"he now states and represents to the court that he has read the pleadings and evidence carefully and

gone to the building and examined the building with the defendant herein, and the defendant undertook to and did point out what he claimed were the errors and mistakes; that while some of the said errors were grossly exaggerated, he finds that there may be some merit in two or three of his contentions, if the evidence had warranted a finding in any specific amount, but there being no evidence of this defendant on which to base a finding, it is the opinion of this commissioner that the defendant herein on his counterclaim is only entitled to nominal damages, and allows him one dollar ($1.00) credit, . . . and it is also the opinion of the commissioner that the plaintiffs are entitled to a lien on the building herein as sued for in their petition by reason of their having furnished the material and labor and filed their mechanic's lien which said lien shall be inferior and second to the lien of the Jefferson Standard Life Insurance Company.''

Defendant filed exceptions to this report upon the grounds that the special commissioner

''did not allow the parties to take further proof on the question as to the difference in the market value of the house at the time of completion and its contract value; because the said commissioner did not take or allow to be taken any proof whatever since the time of submission of the case to him, although the taking of further proof was directed by this court and though this was the very purpose of submitting to said commissioner. . . .''

The court thereupon adjudged that the defendant's exceptions were not well taken, that same be overruled, and that the special commissioner's report be confirmed, and further adjudged that the plaintiffs recover of the defendant their debt sued for less $1 allowed as nomnial damage on defendant's counterclaim. It also adjudged the plaintiffs to have a lien against the defendant's property, representing the unpaid purchase money due for the lot, which was inferior to the lien of the defendant Jefferson Standard Life Insurance Company, and ordered that the master commissioner sell the said property, taking bond payable to himself for the unpaid purchase money, etc., and further adjudged that out of the proceeds of the sale there should first be paid the amount

due the Jefferson Standard Life Insurance Company, and what remained over and above the debt of said company, or a sufficient amount thereof, should be paid to the plaintiffs for their debt, together with interest and costs.

Defendant objected to the judgment of the court, and prayed an appeal to this court, which is now presented us, and by which appellant seeks to reverse said judgment.

Appellant contends that the court committed error in overruling his exceptions filed to the special commissioner's report wherein it appeared he had failed to obey and observe the instructions and directions of the court given upon reference of the case to him, and wherein he was expressly directed to make a finding, and that he should proceed to hear such other proof as he might find necessary to enable him to make a proper finding.

The report of the special commissioner states that he found merit in two or three of defendant's contentions as to damage suffered if the evidence had warranted a finding in any specific amount, but, as he was without such evidence, he was of the opinion that the defendant should only have nominal damages upon his counterclaim in the sum of $1.

It is patent without any extended discussion of this report that appellant's complaint made as to its being erroneous is meritorious. The commissioner being expressly directed by the court to take further proof of the parties if he deemed it necessary for his proper finding of the facts, it constituted an express violation and disobedience of such instruction to refuse or fail to take this further proof required for his determination of the amount of damage suffered by defendant upon his counterclaim, and we, without hesitation or doubt, are of the opinion that, upon this showing being made by the special commissioner in his report as filed that he had been unable to fix the proper damage as suffered by defendant for want of evidence, the court should have sustained appellant's exceptions thereto and directed a re-reference of the case to the commissioner to take such further evidence as he deemed required for his proper determination upon sufficient evidence had as to the amount of damage actually suffered by defendant upon his counterclaim for damages reported found meritorious by him. Hoosier Building Tile & Silo Co. v. Peet, 243 Ky. 290, 47 S. W. 1066.

It may be here added that the report appears erroneous also in its finding that the plaintiff should be adjudged a mechanic's lien against appellant's property, when it clearly appears by the record that no such lien was ever sought or acquired by the appellees, Hacker & Marcum. Their only lien claim against the property was that of a purchase-money lien upon the unpaid purchase price of the lot.

Also we find the further complaint of appellant that the chancellor's judgment is prejudicially irregular and erroneous in directing a sale of appellant's property by the commissioner, not only for the purpose of staisfying and paying the adjudged debt of appellees, but, as was also directed, for the purpose of satisfying the prior lien of the Jefferson Standard Life Insurance Company, when said company is only named as a defendant by the pleadings and is neither actually nor constructively before the court upon any summons served or warning order made, nor was any pleading filed setting out the amount of the insurance company's debt for showing that its debt was due or asking that its mortgage lien be enforced by sale of the property.

It is conceded that under section 694, subsection 3, of the Civil Code of Practice, providing that the holder of an inferior lien, when the debt thereby sceured is due, may enforce the same by a sale of land subject to a prior lien or liens thereon, where the debt or debts secured thereby are not yet due, the court, when here adjudging the appellees a junior lien against appellant's property and that same was then due, could have directed the commissioner to make sale of the property subject to such outstanding prior lien to satisfy planitiff's debt, but we cannot approve the chancellor's decree that the property of appellant, defendant below, be sold to satisfy both lien debts as therein directed, and conclude that the judgment of the chancellor was in such respect in violation of the applicable Code provision and prejudicially erroneous to appellant. Estes v. Bowman Bros., 182 Ky. 172, 206 S. W. 304; Fisher v. Evans, 175 Ky. 300, 194 S. W. 361.

It therefore follows, for the reasons herein indicated, that the judgment of the lower court will have to be and is reversed, and cause remanded for further proceedings consistent with this opinion.